# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 09-50779 |
| Dennis E. Hecker, | Chapter 7 |
| Debtor. | |
| | Adv. Case No.: 09-5___ |
| Randall L. Seaver, Trustee, | |
| Plaintiff, | |
| vs. | **ADVERSARY COMPLAINT** |
| Christi M. Rowan, | |
| Defendant. | |

Randall L. Seaver, Trustee ("**Trustee**") of the bankruptcy estate of Dennis E. Hecker ("**Debtor**"), as and for his Complaint against Defendant Christi M. Rowan ("**Defendant**") states and alleges as follows:

1. The Trustee is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. This bankruptcy case was commenced on June 4, 2009 by the filing of a voluntary Chapter 7 Petition ("**Filing Date**").

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§542, 544, 548, 550 and 551.

5. Defendant and Debtor have been involved in a personal romantic relationship.

6. Debtor has testified that Defendant resides at 1615 Northridge Drive, Medina, MN 55391 ("**Northridge**"), a home titled in Debtor's name and his former homestead, pursuant to a lease. Northridge has a current tax value of $1,891,000.00. The lease also appears in Debtor's Schedule G. According to the testimony of Debtor, Defendant has been living at Northridge, for a period of time, but has not yet made any lease payments to the Debtor. According to the Debtor that is because she made "improvements" to the property.

7. Debtor has testified that furniture and other personal property of the Debtor is located at Northridge. Defendant may be holding or controlling other property, including money, of the Debtor or this bankruptcy estate in safe deposit boxes or otherwise. All of the foregoing are referred to herein as the "**Property**."

8. Upon information and belief, Defendant may nominally control or be the conduit for other assets of the Debtor held by, or in the name of, the Defendant.

9. In January 2009, Chrysler Financial commenced a lawsuit against Hecker seeking a judgment in excess of $400,000.000.00. In April, 2009, a judgment in the amount of $476,952,874.60 was entered against Hecker. The Debtor's schedules list assets of $18,509,972.15 and liabilities of $766,754,240.50.

10. At Item 7 of his statement of financial affairs, Debtor states that, within one year of the Filing Date, he transferred "Misc. and cash - $65,000" to "CM Rowan" ("**T1**").

11. In addition to the forgoing, Item 7 of the statement of financial affairs also discloses transfers to "Christi M. Rowen," in the year before the Filing Date, of "Misc. and Cash - $35,000" ("**T2**").

12. The Trustee has learned of at least the following apparent transfers to or for the benefit of Christi M. Rowan in the year prior to the Debtor's bankruptcy filing:

(a) Transfer of $60,000 fur coat;

(b) Payment by the Debtor from TCF account by check number 5068, in the amount of $20,000 in January, 2009;

(c) Payment by the Debtor from TCF account by check number 5079, in the amount of $7,300 in March, 2009;

(d) Payment by the Debtor from TCF account by check number 5093, in the amount of $13,000 in March, 2009;

(e) Payment by the Debtor from USB/Wells primary checking account, by check number 5503, in the amount of $8,000 in March, 2009;

(f) Payment by the Debtor from TCF account, by check number 5112, in the amount of $10,500 in March 18, 2009; and,

(g) Purchase of airline tickets to Mexico and Dallas.

(collectively, "**T3**").

13. Upon information and belief, Debtor has made other transfers to Defendant, both within the year before the filing date, and before. The items listed in the statement of financial affairs, together with all other transfers of property of the Debtor to Defendant, including T1, T2, and T3, are the "**Transfers**."

14. In October of 2008, Defendant's marriage to Brent Rowan was dissolved by the Hennepin County District Court (Court File No. 27-FA-08-6101). In that proceeding, assets of Defendant, at that time, were disclosed (the "**'08 Assets**"). A copy of the decree of dissolution is attached hereto as Exhibit A.

15. Upon information and belief, Defendant possesses or controls financial records, together with other written and electronic information regarding the Debtor (the "**Information**").

## COUNT I - TURNOVER

16. The Trustee realleges the foregoing paragraphs of his Complaint in their entirety.

17. The Property is property of the estate pursuant to 11 U.S.C. §541(a).

18. The Trustee is entitled to an order requiring Defendant to turnover the Property, Information and lease payments for Northridge to the Trustee pursuant to 11 U.S.C. §542(a) and (e).

**COUNT II – FRAUDULENT TRANSFER AS TO PRESENT AND FUTURE CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.44(a)(2)**

19. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

20. Debtor made the Transfers to Defendant without receiving a reasonably equivalent value in exchange for the Transfers at a time when the Debtor was engaged in or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction or when the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

21. Pursuant to Minn. Stat. §513.44(a)(2) (Uniform Fraudulent Transfer Act), made applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, Trustee seeks recovery from Defendant of the value of the Transfers, plus prejudgment interest.

**COUNT III – FRAUDULENT TRANSFER AS TO PRESENT CREDITORS BY CONSTRUCTIVE FRAUD, UNIFORM FRAUDULENT TRANSFER ACT (UFTA), MINN. STAT. §513.45(a)**

22. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

23. Debtor made the Transfers to Defendant without receiving a reasonably equivalent value in exchange for the Transfers at a time when the Debtor was insolvent or the Debtor became insolvent as a result of the Transfers.

24. Pursuant to Minn. Stat. §513.45(a) (Uniform Fraudulent Transfer Act), made applicable to this proceeding by 11 U.S.C. §544, and pursuant to 11 U.S.C. §550, the Trustee seeks recovery from Defendants of the value of the Transfers, plus prejudgment interest.

## COUNT IV – U.S.C. §548 (FRAUDULENT TRANSFER)

25. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

26. Pursuant to 11 U.S.C. §548, the Trustee seeks avoidance of the Transfers and recovery from Defendant of the Transfers or judgment in the amount of the value of said Transfers, together with prejudgment interest.

## COUNT V – INJUNCTIVE RELIEF

27. The Trustee hereby realleges and incorporates herein by reference the foregoing paragraphs of this Complaint.

28. The Trustee believes that assets in the possession or control of Defendant, beyond the '08 Assets, are assets which are either recoverable by the Trustee by way of avoidance or that they remain property of the estate.

29. Defendant is possession or control of Information and Property which she could easily secrete or transfer so as to avoid the Trustee's recovery thereof.

30. The Trustee submits that the Court's intervention is required so as to prevent the estate from suffering irreparable harm by loss of the Property and Information.

31. The Trustee is entitled to relief of this Court pursuant to 11 U.S.C. §105 and Fed. R. Civ. P. 65 (incorporated into this proceeding by Bank. Rule 7065).

32. The Trustee requests that the Court issue a preliminary, and then permanent, injunction barring Defendant from disposing, transferring, secreting or destroying the Property or Information.

33. The Trustee further requests that the Court issue a preliminary, and then permanent, injunction requiring Defendant to turnover all Information and Property, including giving access to safe deposit boxes, and prohibiting the Defendant from gaining access to any safe deposit box.

34. The Trustee further requests an order directing Defendant to disclose all Property or Information in her possession or control and to allow the Trustee access thereto, and an accounting of, the same.

35. This request for injunctive relief specifically excludes the '08 Assets.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order and Judgment against Defendant as follows:

1. Pursuant to Count I, directing Defendant to turnover the Information, Property and rent for Northridge to Trustee.

2. For judgment under Counts II through IV, avoiding the Transfers, ordering recovery of the Transfers, and awarding a judgment in an amount to be proven at trial together with interest thereon.

3. Pursuant to Count V, granting the Trustee a temporary, and then permanent injunction barring Defendant from disposing, transferring, secreting or destroying the Property or Information, requiring Defendant to turnover all Information and Property, including giving access to safe deposit boxes, if any, exclusive of the '08 Assets. Additionally, granting Trustee a temporary, and then permanent injunction, directing Defendant to disclose all Property and

Information to the Trustee and to allow the Trustee access thereto, and an accounting of, the same, including rent on Northridge. Further, enjoining Defendant from accessing any safe deposit box.

    4.    Such other relief as the Court deems just and equitable in the premises.

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: July 22, 2009

By /e/ Matthew R. Burton
_____
Matthew R. Burton, #210018
Attorneys for Randall L. Seaver, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

404994

STATE OF MINNESOTA                                DISTRICT COURT

COUNTY OF HENNEPIN                   FOURTH JUDICIAL DISTRICT



FAMILY COURT DIVISION
Court File No. 27-FA-08-6101

In Re the Marriage of:

Christi Michelle Rowan,

        Petitioner,

                                               **FINDINGS OF FACT,**
                                               **CONCLUSIONS OF LAW**
                                               **ORDER FOR JUDGMENT,**
and                                            **AND JUDGMENT AND DECREE**

Brent William Rowan,

                                               OCT 3 1 2008

       Respondent.

The above-entitled proceeding came before the Honorable David L. Piper, a Referee of the above-named Court at the Hennepin County Family Justice Center, City of Minneapolis, State of Minnesota.

Neither party appeared, and this matter was heard pursuant to an administrative default and Marital Termination Agreement executed by both parties and Petitioner's attorney.

After reviewing the signed Marital Termination agreement and being fully advised in the premises and upon all the files and records herein, the Court makes the following as:

<u>FINDINGS OF FACT</u>

I.

The true and correct name of the Petitioner is Christi Michele Rowan and she was formerly known as Christi Michele Westmoreland; she resides at 150 Portland Avenue S., Unit 201, Minneapolis, Minnesota 55401; she is 35 years of age having been born on 08/28.1973. She is represented by Sonja C. Larson, Esq., 510-1st Avenue North, Suite 303, Minneapolis, Minnesota 55403.



1

II.

The true and correct name of the Respondent is Brent William Rowan and he has never used another name; he resides at 715 East Ridge Drive, Northfield, Minnesota 55057; he is 30 years of age having been born on 02/02/1978.

III.

Both parties are and for more than 180 days preceding the commencement of this action have been residents of the State of Minnesota, Petitioner is a resident of the County of Hennepin; Respondent is a resident of the County of Rice County.

IV.

Petitioner and the Respondent were married to each other on 10/12/2001 in Northfield, Minnesota, and ever since then have been and now are husband and wife.

V.

There is one child born during this marriage relationship who is still a minor, to wit:

Fysher J. Rowan, born 12/08/2004, age 3

Petitioner has one child born prior to the marriage.

To the best of Petitioner's knowledge, Petitioner is not now pregnant.

VI.

The parties are fit and proper persons to have the permanent custody, care and control of the minor child of the parties and it is in the best interests and welfare of the minor child that joint custody be granted to the parties.

VII.

A separate proceeding for dissolution of the marriage has not been previously commenced by either party, nor is any proceeding now pending in any court in the state of Minnesota or elsewhere.

VIII.

There has been an irretrievable breakdown of the marriage relationship of the parties within the meaning and purview of Minn. Stat. Sec. 518.06, subd. 1.

IX.

Neither party is now a member of the United States Armed Forces.

X.

The parties are the owners in joint tenancy of a homestead located at 715 East Ridge Drive, Northfield, Minnesota 55057, and legally described as follows, to wit:

LOT 5, BLOCK 1, MEADOWVIEW HEIGHTS, 4TH ADDITION

The homestead has a fair market value of $360,000 with encumbrances of $275,000 with Washington Mutual and $75,000 with Teachers' Federal Credit Union.

XI.

The parties are owners of certain items of household goods and furnishings, fixtures and equipment situated in and about the homestead and other personal property not situated about the homestead.

XII.

The parties are owners of the following joint bank accounts with Teachers' Federal Credit Union Acct. No. XX345:

>Value Checking, approx. $3,000
>Reward Checking, approx. $200
>Savings Account, approx. $1,000.

XIII.

Respondent is owner of a 2008 GMC Denali subject to an encumbrance of $50,000.

XIV.

Respondent is owner of a 2006 Larson boat, subject to an encumbrance of $28,306.

XV.

The parties are owners of life insurance policies held in their respective names with the parties' minor child Fysher, and Petitioner's child, Rachael, named as beneficiaries.

XVI.

The parties are owners of the following debts:

| Debt | Amount |
|---|---|
| Bank of America 86305 | $9300.00 |
| Bank of America 91098 | $7300.00 |
| Capital One 83578 | $10,000.00 |
| Citi Card 5072 | $18,000.00 |
| TFCU 65933 | $10,000.00 |
| WAMU 7110 | $7,000.00 |
| Wells Fargo 87189 | $2,000.00 |
| 36348 | $2,000.00 |
| 69107 | $10,000.00 |
| Discover Card | $10,000.00 |
| JCREW 56757 | $800.00 |
| PBKids 78968 | $1,000.00 |

4

## XVII.

That Petitioner is currently self-employed as a photographer; and her current monthly gross earnings are approximately $8,000.

That Respondent is self employed as a general contractor; that his current monthly gross earnings are approximately $8,000.

## CONCLUSIONS OF LAW

1. That the bonds of matrimony heretofore existing between the parties are hereby dissolved.

2. CUSTODY: That the parties are awarded joint legal and joint physical custody of the minor child:

    Fysher J. Rowan, born 12/08/2004, age 3.

3. PARENTING TIME:

    a. Weekdays: The minor child shall reside with Petitioner during the week, subject to Respondent's parenting time with the child Tuesdays and Thursdays from after school until bedtime, or as otherwise determined by mutual agreement of the parties.

    b. Weekends: Alternate weekends or as otherwise determined by mutual agreement of the parties.

    c. Holidays: Alternate holidays or as otherwise determined by mutual agreement of the parties.

4. CHILD SUPPORT: That as and for child support the Respondent shall pay to the Petitioner the sum of $56 per month, payable on the first day of each month, commencing on the 1st day of November, 2008. Child support shall continue at that rate, as adjusted by the cost-of-living, until the first occurrence of one of the following events:

    a. The child attains the age of 18 years, or graduates from high school, whichever occurs last; provided, however, that support will not continue past the child's 20th birthday;

b. The child becomes self-supporting, is emancipated, marries, serves in the armed forces of the United States, or is deceased, or

   c. Further order of the court.

5. HEALTH INSURANCE: That Petitioner shall maintain medical and dental insurance for the minor child. The parties shall share equally in the cost of health insurance and unreimbursed medical expenses for the minor child.

6. CHILD CARE: That the parties shall share equally in the cost of child care for the minor child.

7. TAX RETURN: That Petitioner shall claim the minor child on her taxes on even years, Respondent shall claim the minor child on his taxes on odd years.

8. SPOUSAL MAINTENANCE: That the Respondent shall pay no temporary or permanent maintenance to the Petitioner, and the Petitioner does hereby waive any right to have the Respondent pay temporary or permanent maintenance.

   That the Petitioner shall pay no temporary or permanent maintenance to the Respondent, and the Respondent does hereby waive any right to have the Petitioner pay temporary or permanent maintenance.

9. That each party shall be solely responsible for his or her own medical and/or dental insurance costs.

10. HOMESTEAD: That the parties shall be awarded all right, title, equity and interest in joint tenancy in and to the homestead located at 715 East Ridge Drive, Northfield, Minnesota 55057 and legally described as follows:

    LOT 5, BLOCK 1, MEADOWVIEW HEIGHTS, 4TH ADDITION.

    The homestead has a fair market value of $360,000 with encumbrances of $275,000 with Washington Mutual and $75,000 with Teachers' Federal Credit Union.

    The parties shall place the homestead on the market at a reasonable fair market price no later than October 1, 2008. Respondent shall reside in the home pending its sale. Respondent shall be responsible for timely payment of the mortgage and all other expenses related to the homestead. Respondent shall cooperate with the real estate agent in preparing the house for sale and in showing the house to prospective buyers.

    Any and all expenses related to the general upkeep of the home for purposes of sale, i.e. repairs, cleaning, etc., shall be shared equally by the parties. Any such expenses shall be agreed up in writing before incurred.

    Upon the sale of the homestead the parties shall satisfy any and all debt associated

with the homestead and shall share equally in any loss or gain from the sale.

11. <u>PERSONALTY</u>: The parties are awarded the household personalty in their respective possessions.

12. <u>BANK ACCOUNTS</u>: Upon or before the entry of the Judgment and Decree, the parties shall close and divide equally the following joint bank accounts with Teachers' Federal Credit Union Acct. No. XX345:

> Value Checking, approx. $3,000
> Reward Checking, approx. $200
> Savings Account, approx. $1,000.

The parties are awarded all right, title, equity and interest in and to the bank accounts held solely in their respective names.

13. <u>VEHICLE</u>: Respondent is awarded all right, title, equity and interest in and to the 2008 GMC Denali. Respondent shall indemnify Petitioner and hold her harmless from liability.

14. <u>BOAT</u>: Respondent is warded all right, title, equity and interest in and to the 2006 Larson boat. Respondent shall indemnify Petitioner and hold her harmless from liability.

15. <u>LIFE INSURANCE</u>: Petitioner is awarded the life insurance policy in her own name. Respondent is awarded the life insurance policy in his own name.

16. <u>DEBTS</u>: That the parties shall share equally in the following credit card debts:

| | |
|---|---|
| Bank of America 86305 | $9300.00 |
| Bank of America 91098 | $7300.00 |
| Capital One 83578 | $10,000.00 |
| Citi Card 5072 | $18,000.00 |
| TFCU 65933 | $10,000.00 |
| WAMU 7110 | $7,000.00 |
| Wells Fargo 87189 | $2,000.00 |
| 36348 | $2,000.00 |
| 69107 | $10,000.00 |
| Discover Card | $10,000.00 |
| JCREW 56757 | $800.00 |
| PBKids 78968 | $1,000.00 |

Respondent shall pay to Petitioner one-half the total monthly payment for all credit cards on or before the 1st of each month.

17. In the event that there is a debt obligation that has not been heretofore disclosed, that obligation shall become the sole responsibility of the party that incurred it.

18. That each party shall be responsible for his or her own attorney's fees incurred in this proceeding.

19. That Appendix A is attached hereto and incorporated herein by reference.

20. That service of the final Judgment and Decree herein may be made upon the Respondent at 715 East Ridge Drive, Northfield, Minnesota 55057, by United States mail, and the same shall be in lieu of personal service.

21. <u>Attorney Withdrawal</u>. That Sonja C. Larson, Esq., shall no longer be the attorney of record for the Petitioner effective sixty-one (61) days from the date of entry of the Judgment and Decree herein.

22. That to implement the terms and provisions contained herein, each of the parties shall make, execute and deliver to the other party instruments of conveyance, assignment and other documents as may be required. In the event a party fails to deliver said documents, a certified copy of the Judgment and Decree shall be effective to make the transfers required herein.

23. That in the event that additional assets of value of the parties are determined to exist, those assets may be the subject of future Court proceedings pursuant to the laws of Minnesota, and the party having failed to disclose assets of value shall be responsible for all reasonable attorneys' fees and costs ordered by the Court.

24. Subject to the foregoing and subject to full compliance herewith, each of the parties is in all respects, manners and things released and fully discharged from any liability, claims or obligations of any kind or character, whether arising out of the marriage relationship or otherwise, and the foregoing shall be deemed to constitute a full, final and complete property settlement between the parties.

LET JUDGMENT BE ENTERED ACCORDINGLY

This Judgment and Decree shall not be automatically stayed for 30 days.

The foregoing facts were found by me after due hearing, and the foregoing Order thereon is recommended.

Dated: Oct. 15, 2008

_David L. Piper_
Referee David L. Piper

Findings of Fact, Conclusions of Law, and Order for Judgment approved as of date heard.

Dated: 10/15/08

_[signature]_
Judge of District Court

DECREE ENTERED AND JUDGMENT ROLL FILED THIS 31st DAY OF October, 2008.

DECREE ENTERED AND JUDGEMENT ROLL FILED
OCT 3 1 2008

BY THE COURT:
DISTRICT COURT ADMINISTRATOR

_Sharla L. Brand_
Deputy

APPROVED AS TO FORM:

Dated: 10/13/2008

ORMOND & ZEWISKE

_[signature]_
Sonja C. Larson, Esq.
Attorney for Petitioner
510-1st Ave North
Suite 303
Minneapolis, MN 55403
(612)333-6781
Attorney License No. 0386852

Dated: 10/13/2008

_[signature]_
Brent Rowan, *pro se* Respondent

JUL 1 6 2009
STATE OF MINNESOTA, COUNTY OF HENNEPIN
I hereby certify this _11_ page document to be a true and correct copy of the original on file and of record in my office.
District Court Administrator
By _[signature]_ Deputy

9

NOTICE IS HEREBY GIVEN TO THE PARTIES:

**I. PAYMENTS TO PUBLIC AGENCY.** According to Minnesota Statutes, section 518A.50, payments ordered for maintenance and support must be paid to the Minnesota child support payment center as long as the person entitled to receive the payments is receiving or has applied for public assistance or has applied for support and maintenance collection services. Parents mail payments to: P.O. Box 64326, St. Paul, MN 55164-0326. Employers mail payments to: P.O. Box 64306, St. Paul, MN 55164.

**II. DEPRIVING ANOTHER OF CUSTODIAL OR PARENTAL RIGHTS -- A FELONY.** A person may be charged with a felony who conceals a minor child or takes, obtains, retains, or fails to return a minor child from or to the child's parent (or person with custodial or parenting time rights), according to Minnesota Statutes, section 609.26. A copy of that section is available from any court administrator.

**III. NONSUPPORT OF A SPOUSE OR CHILD - CRIMINAL PENALTIES.** A person who fails to pay court-ordered child support or maintenance may be charged with a crime, which may include misdemeanor, gross misdemeanor, or felony charges, according to Minnesota Statutes, section 609.375. A copy of that section is available from any district court clerk.

**IV. RULES OF SUPPORT, MAINTENANCE, PARENTING TIME.**
A. Payment of support or spousal maintenance is to be as ordered, and the giving of gifts or making purchases of food, clothing, and the like will not fulfill the obligation.
B. Payment of support must be made as it becomes due, and failure to secure or denial of parenting time is NOT an excuse for nonpayment, but the aggrieved party must seek relief through a proper motion filed with the court.
C. Nonpayment of support is not grounds to deny parenting time. The party entitled to receive support may apply for support and collection services, file a contempt motion, or obtain a judgment as provided in Minnesota Statutes, section 548.091.
D. The payment of support or spousal maintenance takes priority over payment of debts and other obligations.
E. A party who accepts additional obligations of support does so with the full knowledge of the party's prior obligation under this proceeding.
F. Child support or maintenance is based on annual income, and it is the responsibility of a person with seasonal employment to budget income so that payments are made throughout the year as ordered.
G. A *Parental Guide to Making Child-Focused Parenting-Time Decisions* is available from any court administrator.
H. The nonpayment of support may be enforced through the denial of student grants; interception of state and federal tax refunds; suspension of driver's, recreational, and occupational licenses; referral to the department of revenue or private collection agencies; seizure of assets, including bank accounts and other assets held by financial institutions; reporting to credit bureaus; interest charging, income withholding, and contempt proceedings; and other enforcement methods allowed by law.
I. The public authority may suspend or resume collection of the amount allocated for child care expenses if the conditions of Minnesota Statutes, section 518A.40, subdivision 4, are met.

**V. MODIFYING CHILD SUPPORT.** If either the obligor or obligee is laid off from employment or receives a pay reduction, child support may be modified, increased, or decreased. Any modification will only take effect when it is ordered by the court, and will only relate back to the time that a motion is filed. Either the obligor or obligee may file a motion to modify child support, and may request the public agency for help. UNTIL A MOTION IS FILED, THE CHILD SUPPORT OBLIGATION WILL CONTINUE AT THE CURRENT LEVEL. THE COURT IS NOT PERMITTED TO REDUCE SUPPORT RETROACTIVELY.

**VI. PARENTAL RIGHTS FROM MINNESOTA STATUTES, SECTION 518.17, SUBDIVISION 3.** UNLESS OTHERWISE PROVIDED BY THE COURT:
A. Each party has the right of access to, and to receive copies of, school, medical, dental, religious training, and other important records and information about the minor children. Each party has the right of access to information regarding health or dental insurance available to the minor children. Presentation of a copy of this order to the custodian of a record or other information about the minor children constitutes sufficient authorization for the release of the record or information to the requesting party.

B. Each party shall keep the other informed as to the name and address of the school of attendance of the minor children. Each party has the right to be informed by school officials about the children's welfare, educational progress and status, and to attend school and parent teacher conferences. The school is not required to hold a separate conference for each party.
C. In case of an accident or serious illness of a minor child, each party shall notify the other party of the accident or illness, and the name of the health care provider and the place of treatment.
D. Each party has the right of reasonable access and telephone contact with the minor children.

**VII. WAGE AND INCOME DEDUCTION OF SUPPORT AND MAINTENANCE.** Child support and / or spousal maintenance may be withheld from income, with or without notice to the person obligated to pay, when the conditions of Minnesota Statutes, section 518A.53, have been met. A copy of that section is available from any court administrator.

**VIII. CHANGE OF ADDRESS OR RESIDENCE.** Unless otherwise ordered, each party shall notify the other party, the court, and the public authority responsible for collection, if applicable, of the following information within ten days of any change: residential and mailing address, telephone number, driver's license number, social security number, and name, address, and telephone number of the employer.

**IX. COST OF LIVING INCREASE OF SUPPORT AND MAINTENANCE.** Child support and / or spousal maintenance may be adjusted every two years based upon a change in the cost of living (using the U.S. Department of Labor, Bureau of Labor Statistics, consumer price index Mpls. St. Paul, for all urban consumers (CPI-U), unless otherwise specified in this order) when the conditions of Minnesota Statutes, section 518A.75, are met. Cost of living increases are compounded. A copy of Minnesota Statutes, section 518A.75, and forms necessary to request or contest a cost of living increase are available from any court administrator.

**X. JUDGMENTS FOR UNPAID SUPPORT; INTEREST.** ACCORDING TO MINNESOTA STATUTES, SECTION 548.091:
A. If a person fails to make a child support payment, the payment owed becomes a judgment against the person responsible to make the payment by operation of law on or after the date the payment is due, and the person entitled to receive the payment or the public agency may obtain entry and docketing of the judgment **without notice** to the person responsible to make the payment.
B. Interest begins accruing on a payment or installment of child support whenever the unpaid amount due is greater than the current support due.

**XI. JUDGMENTS FOR UNPAID MAINTENANCE.** A judgment for unpaid spousal maintenance may be entered and docketed when the conditions of Minnesota Statutes, section 548.091, are met. A copy of that section is available from any court administrator.

**XII. ATTORNEY FEES AND COLLECTION COSTS FOR ENFORCEMENT OF CHILD SUPPORT.** A judgment for attorney fees and other collection costs incurred in enforcing a child support order will be entered against the person responsible to pay support when the conditions of Minnesota Statutes, section 518A.735, are met. A copy of that section and forms necessary to request or contest these attorney fees and collection costs are available from any court administrator.

**XIII. PARENTING TIME EXPEDITOR PROCESS.** On request of either party or on its own motion, the court may appoint a parenting time expeditor to resolve parenting time disputes under Minnesota Statutes, section 518.1751. A copy of that section and a description of the expeditor process is available from any court administrator.

**XIV. PARENTING TIME REMEDIES AND PENALTIES.** Remedies and penalties for wrongful denial of parenting time are available under Minnesota Statutes, section 518.175, subdivision 6. These include compensatory parenting time; civil penalties; bond requirements; contempt; and reversal of custody. A copy of that subdivision and forms for requesting relief are available from any court administrator.

(SCAO rev. 01/01/07)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

------------------------------------------------------

BKY No. 09-50779

In re:

Dennis E. Hecker,

       Debtor.

------------------------------------------------------

**TRUSTEE'S STATEMENT OF INSUFFICIENT FUNDS TO PAY FILING FEE**

    Randall L. Seaver, Trustee of the Estate of Dennis E. Hecker, states under penalty of perjury that:

1. This is a Complaint under Rule 7001 Federal Rules of Bankruptcy Procedure;

2. That the Trustee is without sufficient cash in the estate to pay the filing fee to commence this adversary proceeding;

3. The Trustee is holding funds paid under an alleged Personal Services Agreement, but the estate's ownership of the funds is disputed by the Debtor and the Trustee has received other funds whose deposit has not yet cleared; and

4. The Trustee will pay the filing fee to the Clerk as soon as cash is available in the estate, pursuant to the Judicial Conference Schedule for Fees for the Bankruptcy Courts, prescribed under 28 U.S.C. §1930(b).

Dated: July 22, 2009

                                             /e/ Randall L. Seaver
                                             _____
                                             Randall L. Seaver, Trustee

404770