# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                     BKY No.:  09-50779

Dennis E. Hecker,                                                                     Chapter 7

        Debtor.

_____

                                            Adv. Case No.:  09-5___

Randall L. Seaver, Trustee,

        Plaintiff,

vs.                                      **NOTICE OF HEARING AND EXPEDITED, EX PARTE,
                                          MOTION FOR TEMPORARY RESTRAINING ORDER**

Christi M. Rowan,

        Defendant.

_____

      1.      Randall L. Seaver, Trustee and Plaintiff ("**Trustee**") for the Bankruptcy Estate of Debtor Dennis E. Hecker ("**Debtor**"), by his attorneys, moves the Court for a temporary restraining order ("**TRO**").  This motion is brought on an ex parte basis.

      2.      Debtor filed a Chapter 7 petition on June 4, 2009.  The case is pending before this Court.

      3.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005, 7065 and 7005 and Local Rule 7005-3.  This motion arises under Bankruptcy Rule 7065 and 11 U.S.C. §542.

      4.      Debtor has testified that Defendant resides at 1615 Northridge Drive, Medina, MN 55391 ("**Northridge**"), a home titled in Debtor's name and his former homestead, pursuant to a lease (which appears in Debtor's Schedule G).  Northridge has a current tax value of $1,891,000.00.  According to the testimony of Debtor, Defendant has been living at Northridge,

for a period of time, but has not yet made any lease payments to the Debtor. According to the Debtor that is because she made "improvements" to the property.

5.      Debtor has testified that furniture and other personal property of the Debtor is located at Northridge. Defendant may be holding or controlling other property, including money, of the Debtor or this bankruptcy estate in safe deposit boxes or otherwise.

6.      Upon information and belief, Defendant may nominally control or be the conduit for other assets of the Debtor held by, or in the name of, the Defendant. All of the foregoing are referred to herein as the "**Property**."

7.      In January 2009, Chrysler Financial commenced a lawsuit against Hecker seeking a judgment in excess of $400,000.000.00. In April, 2009, a judgment in the amount of $476,952,874.60 was entered against Hecker. The Debtor's schedules list assets of $18,509,972.15 and liabilities of $766,754,240.50.

8.      At Item 7 of his statement of financial affairs, Debtor states that, within one year of the Filing Date, he transferred "Misc. and cash - $65,000" to "CM Rowan" ("**T1**").

9.      In addition to the forgoing, Item 7 of the statement of financial affairs also discloses transfers to "Christi M. Rowen," in the year before the Filing Date, of "Misc. and Cash - $35,000" ("**T2**").

10.     The Trustee has learned of at least the following apparent transfers to or for the benefit of Christi M. Rowan in the year prior to the Debtor's bankruptcy filing:

(a)     Transfer of $60,000 fur coat;

(b)     Payment by the Debtor from TCF account by check number 5068, in the amount of $20,000 in January, 2009;

(c)     Payment by the Debtor from TCF account by check number 5079, in the amount of $7,300 in March, 2009;

(d)     Payment by the Debtor from TCF account by check number 5093, in the amount of $13,000 in March, 2009;

(e)     Payment by the Debtor from USB/Wells primary checking account, by check number 5503, in the amount of $8,000 in March, 2009.

(f)     Payment by the Debtor from TCF account, by check number 5112, in the amount of $10,500 in March 18, 2009.

(collectively, "**T3**").

11.     Upon information and belief, Debtor has made other transfers to Defendant, both within the year before the filing date, and before.  The items listed in the statement of financial affairs, together with all other transfers of property of the Debtor to Defendant, including T1, T2, and T3, are the "**Transfers**."

12.     In October of 2008, Defendant's marriage to Brent Rowan was dissolved by the Hennepin County District Court (Court File No. 27-FA-08-6101).  In that proceeding, assets of Defendant, at that time, were disclosed (the "**'08 Assets**").  A copy of the decree of dissolution is attached hereto as Exhibit A.

13.     Upon information and belief, Defendant possesses or controls financial records, together with other written and electronic information regarding the Debtor (the "**Information**").

14.     Expedited relief is required as the Property may be uninsured and is easy to lose or secrete.

15.     The Trustee believes that the bankruptcy estate will suffer irreparable harm in the absence of a preliminary injunction protecting the Property and Information.

16.     At the hearing of this matter, the Trustee may testify about his investigation of the Property and Information and his efforts to administer the same.

17.     The Trustee requests that the Court issue a TRO for the following:

(a)     Directing Defendant to turnover the Information, Property and rent for Northridge to Trustee;

(b)     That Defendant be enjoined from disposing, transferring, secreting or destroying the Property or Information, and requiring Defendant to provide access to safe deposit boxes, if any.  Additionally, directing Defendant to disclose all Property and Information to the Trustee and to allow the Trustee access thereto, and an accounting of, the same; and,

(c)     Enjoining Defendant from accessing any safe deposit box.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

/e/  Matthew R. Burton
Dated:  July 22, 2009                    By:_____
                                              Matthew R. Burton, #210018
                                         100 South Fifth Street, Suite 2500
                                         Minneapolis, Minnesota  55402
                                         Telephone:  (612) 332-1030
                                         Facsimile:  (612) 332-2740

                                         ATTORNEYS    FOR    RANDALL    L.
                                         SEAVER, TRUSTEE

## <u>VERIFICATION</u>

I, Randall L. Seaver, Trustee for the Bankruptcy Estate of Dennis E. Hecker, the moving party named in the foregoing Notice of Hearing and Expedited Motion for a Preliminary Injunction, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

/e/  Randall L. Seaver

Executed on July 22, 2009

_____

Randall L. Seaver

405979

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

FAMILY COURT DIVISION

Court File No. 27-FA-08-6101

------------------------------

In Re the Marriage of:

Christi Michelle Rowan, 

Petitioner,

and

Brent William Rowan,

Respondent.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW
ORDER FOR JUDGMENT,
AND JUDGMENT AND DECREE**

OCT 3 1 2008

ORIGINAL

------------------------------

The above-entitled proceeding came before the Honorable David L. Piper, a Referee of the above-named Court at the Hennepin County Family Justice Center, City of Minneapolis, State of Minnesota.

Neither party appeared, and this matter was heard pursuant to an administrative default and Marital Termination Agreement executed by both parties and Petitioner's attorney.

After reviewing the signed Marital Termination agreement and being fully advised in the premises and upon all the files and records herein, the Court makes the following as:

FINDINGS OF FACT

I.

The true and correct name of the Petitioner is Christi Michele Rowan and she was formerly known as Christi Michele Westmoreland; she resides at 150 Portland Avenue S., Unit 201, Minneapolis, Minnesota 55401; she is 35 years of age having been born on 08/28.1973. She is represented by Sonja C. Larson, Esq., 510-1st Avenue North, Suite 303, Minneapolis, Minnesota 55403.



1

## II.

The true and correct name of the Respondent is Brent William Rowan and he has never used another name; he resides at 715 East Ridge Drive, Northfield, Minnesota 55057; he is 30 years of age having been born on 02/02/1978.

## III.

Both parties are and for more than 180 days preceding the commencement of this action have been residents of the State of Minnesota, Petitioner is a resident of the County of Hennepin; Respondent is a resident of the County of Rice County.

## IV.

Petitioner and the Respondent were married to each other on 10/12/2001 in Northfield, Minnesota, and ever since then have been and now are husband and wife.

## V.

There is one child born during this marriage relationship who is still a minor, to wit:

Fysher J. Rowan, born 12/08/2004, age 3

Petitioner has one child born prior to the marriage.

To the best of Petitioner's knowledge, Petitioner is not now pregnant.

## VI.

The parties are fit and proper persons to have the permanent custody, care and control of the minor child of the parties and it is in the best interests and welfare of the minor child that joint custody be granted to the parties.

## VII.

A separate proceeding for dissolution of the marriage has not been previously commenced by either party, nor is any proceeding now pending in any court in the state of Minnesota or elsewhere.

## VIII.

There has been an irretrievable breakdown of the marriage relationship of the parties within the meaning and purview of Minn. Stat. Sec. 518.06, subd. 1.

## IX.

Neither party is now a member of the United States Armed Forces.

## X.

The parties are the owners in joint tenancy of a homestead located at 715 East Ridge Drive, Northfield, Minnesota 55057, and legally described as follows, to wit:

LOT 5, BLOCK 1, MEADOWVIEW HEIGHTS, 4TH ADDITION

The homestead has a fair market value of $360,000 with encumbrances of $275,000 with Washington Mutual and $75,000 with Teachers' Federal Credit Union.

## XI.

The parties are owners of certain items of household goods and furnishings, fixtures and equipment situated in and about the homestead and other personal property not situated about the homestead.

## XII.

The parties are owners of the following joint bank accounts with Teachers' Federal Credit Union Acct. No. XX345:

> Value Checking, approx. $3,000
> Reward Checking, approx. $200
> Savings Account, approx. $1,000.

## XIII.

Respondent is owner of a 2008 GMC Denali subject to an encumbrance of $50,000.

## XIV.

Respondent is owner of a 2006 Larson boat, subject to an encumbrance of $28,306.

## XV.

The parties are owners of life insurance policies held in their respective names with the parties' minor child Fysher, and Petitioner's child, Rachael, named as beneficiaries.

## XVI.

The parties are owners of the following debts:

| | |
|---|---|
| Bank of America 86305 | $9300.00 |
| Bank of America 91098 | $7300.00 |
| Capital One 83578 | $10,000.00 |
| Citi Card  5072 | $18,000.00 |
| TFCU 65933 | $10,000.00 |
| WAMU 7110 | $7,000.00 |
| Wells Fargo 87189 | $2,000.00 |
| 36348 | $2,000.00 |
| 69107 | $10,000.00 |
| Discover Card | $10,000.00 |
| JCREW 56757 | $800.00 |
| PBKids 78968 | $1,000.00 |

That Petitioner is currently self-employed as a photographer; and her current monthly gross earnings are approximately $8,000.

That Respondent is self employed as a general contractor; that his current monthly gross earnings are approximately $8,000.

## CONCLUSIONS OF LAW

1. That the bonds of matrimony heretofore existing between the parties are hereby dissolved.

2. <u>CUSTODY</u>: That the parties are awarded joint legal and joint physical custody of the minor child:

   > Fysher J. Rowan, born 12/08/2004, age 3.

3. <u>PARENTING TIME</u>:

   a. Weekdays: The minor child shall reside with Petitioner during the week, subject to Respondent's parenting time with the child Tuesdays and Thursdays from after school until bedtime, or as otherwise determined by mutual agreement of the parties.

   b. Weekends: Alternate weekends or as otherwise determined by mutual agreement of the parties.

   c. Holidays: Alternate holidays or as otherwise determined by mutual agreement of the parties.

4. <u>CHILD SUPPORT</u>: That as and for child support the Respondent shall pay to the Petitioner the sum of $56 per month, payable on the first day of each month, commencing on the 1st day of November, 2008. Child support shall continue at that rate, as adjusted by the cost-of-living, until the first occurrence of one of the following events:

   a. The child attains the age of 18 years, or graduates from high school, whichever occurs last; provided, however, that support will not continue past the child's 20th birthday;

     b.  The child becomes self-supporting, is emancipated, marries, serves in the armed forces of the United States, or is deceased, or

     c.  Further order of the court.

5.  <u>HEALTH INSURANCE:</u> That Petitioner shall maintain medical and dental insurance for the minor child. The parties shall share equally in the cost of health insurance and unreimbursed medical expenses for the minor child.

6.  <u>CHILD CARE:</u> That the parties shall share equally in the cost of child care for the minor child.

7.  <u>TAX RETURN:</u> That Petitioner shall claim the minor child on her taxes on even years, Respondent shall claim the minor child on his taxes on odd years.

8.  <u>SPOUSAL MAINTENANCE:</u> That the Respondent shall pay no temporary or permanent maintenance to the Petitioner, and the Petitioner does hereby waive any right to have the Respondent pay temporary or permanent maintenance.

That the Petitioner shall pay no temporary or permanent maintenance to the Respondent, and the Respondent does hereby waive any right to have the Petitioner pay temporary or permanent maintenance.

9.  That each party shall be solely responsible for his or her own medical and/or dental insurance costs.

10. <u>HOMESTEAD:</u> That the parties shall be awarded all right, title, equity and interest in joint tenancy in and to the homestead located at 715 East Ridge Drive, Northfield, Minnesota 55057 and legally described as follows:

LOT 5, BLOCK 1, MEADOWVIEW HEIGHTS, 4TH ADDITION.

The homestead has a fair market value of $360,000 with encumbrances of $275,000 with Washington Mutual and $75,000 with Teachers' Federal Credit Union.

The parties shall place the homestead on the market at a reasonable fair market price no later than October 1, 2008. Respondent shall reside in the home pending its sale. Respondent shall be responsible for timely payment of the mortgage and all other expenses related to the homestead. Respondent shall cooperate with the real estate agent in preparing the house for sale and in showing the house to prospective buyers.

Any and all expenses related to the general upkeep of the home for purposes of sale, i.e. repairs, cleaning, etc., shall be shared equally by the parties. Any such expenses shall be agreed up in writing before incurred.

Upon the sale of the homestead the parties shall satisfy any and all debt associated

with the homestead and shall share equally in any loss or gain from the sale.

11. PERSONALTY: The parties are awarded the household personalty in their respective possessions.

12. BANK ACCOUNTS: Upon or before the entry of the Judgment and Decree, the parties shall close and divide equally the following joint bank accounts with Teachers' Federal Credit Union Acct. No. XX345:

> Value Checking, approx. $3,000
> Reward Checking, approx. $200
> Savings Account, approx. $1,000.

The parties are awarded all right, title, equity and interest in and to the bank accounts held solely in their respective names.

13. VEHICLE: Respondent is awarded all right, title, equity and interest in and to the 2008 GMC Denali. Respondent shall indemnify Petitioner and hold her harmless from liability.

14. BOAT: Respondent is warded all right, title, equity and interest in and to the 2006 Larson boat. Respondent shall indemnify Petitioner and hold her harmless from liability.

15. LIFE INSURANCE: Petitioner is awarded the life insurance policy in her own name. Respondent is awarded the life insurance policy in his own name.

16. DEBTS: That the parties shall share equally in the following credit card debts:

| | |
|---|---|
| Bank of America 86305 | $9300.00 |
| Bank of America 91098 | $7300.00 |
| Capital One 83578 | $10,000.00 |
| Citi Card 5072 | $18,000.00 |
| TFCU 65933 | $10,000.00 |
| WAMU 7110 | $7,000.00 |
| Wells Fargo 87189 | $2,000.00 |
| 36348 | $2,000.00 |
| 69107 | $10,000.00 |
| Discover Card | $10,000.00 |
| JCREW 56757 | $800.00 |
| PBKids 78968 | $1,000.00 |

Respondent shall pay to Petitioner one-half the total monthly payment for all credit cards on or before the 1st of each month.

17. In the event that there is a debt obligation that has not been heretofore disclosed, that obligation shall become the sole responsibility of the party that incurred it.

18. That each party shall be responsible for his or her own attorney's fees incurred in this proceeding.

19. That Appendix A is attached hereto and incorporated herein by reference.

20. That service of the final Judgment and Decree herein may be made upon the Respondent at 715 East Ridge Drive, Northfield, Minnesota 55057, by United States mail, and the same shall be in lieu of personal service.

21. <u>Attorney Withdrawal</u>. That Sonja C. Larson, Esq., shall no longer be the attorney of record for the Petitioner effective sixty-one (61) days from the date of entry of the Judgment and Decree herein.

22. That to implement the terms and provisions contained herein, each of the parties shall make, execute and deliver to the other party instruments of conveyance, assignment and other documents as may be required. In the event a party fails to deliver said documents, a certified copy of the Judgment and Decree shall be effective to make the transfers required herein.

23. That in the event that additional assets of value of the parties are determined to exist, those assets may be the subject of future Court proceedings pursuant to the laws of Minnesota, and the party having failed to disclose assets of value shall be responsible for all reasonable attorneys' fees and costs ordered by the Court.

24. Subject to the foregoing and subject to full compliance herewith, each of the parties is in all respects, manners and things released and fully discharged from any liability, claims or obligations of any kind or character, whether arising out of the marriage relationship or otherwise, and the foregoing shall be deemed to constitute a full, final and complete property settlement between the parties.

## LET JUDGMENT BE ENTERED ACCORDINGLY

This Judgment and Decree shall not be automatically stayed for 30 days.

The foregoing facts were found by me after due hearing, and the foregoing Order thereon is recommended.

Dated: _Oct. 15, 2008_

_David L. Piper_
Referee David L. Piper

Findings of Fact, Conclusions of Law, and Order for Judgment approved as of date heard.

Dated: _10/15/08_

_Susan M. Robiner_
Judge of District Court

DECREE ENTERED AND JUDGMENT ROLL FILED THIS _31st_ DAY OF _October_, 2008.

DECREE ENTERED AND
JUDGEMENT ROLL FILED

OCT 3 1 2008

BY THE COURT:
DISTRICT COURT ADMINISTRATOR

_Sharla L. Brand_
Deputy

APPROVED AS TO FORM:

Dated: _10/13/2008_

ORMOND & ZEWISKE

Sonja C. Larson, Esq.
Attorney for Petitioner
510-1st Ave North
Suite 303
Minneapolis, MN 55403
(612)333-6781
Attorney License No. 0386852

Dated: _10/13/2008_

Brent Rowan, *pro se* Respondent

JUL 1 6 2009

STATE OF MINNESOTA, COUNTY OF HENNEPIN
I hereby certify this _11_ page document
to be a true and correct copy of the original
on file and of record in my office.
District Court Administrator

By _____ Deputy

9

# FORM 3. APPENDIX A

**NOTICE IS HEREBY GIVEN TO THE PARTIES:**

**I. PAYMENTS TO PUBLIC AGENCY.** According to Minnesota Statutes, section 518A.50, payments ordered for maintenance and support must be paid to the Minnesota child support payment center as long as the person entitled to receive the payments is receiving or has applied for public assistance or has applied for support and maintenance collection services. Parents mail payments to: P.O. Box 64326, St. Paul, MN 55164-0326. Employers mail payments to: P.O. Box 64306, St. Paul, MN 55164.

**II. DEPRIVING ANOTHER OF CUSTODIAL OR PARENTAL RIGHTS -- A FELONY.** A person may be charged with a felony who conceals a minor child or takes, obtains, retains, or fails to return a minor child from or to the child's parent (or person with custodial or parenting time rights), according to Minnesota Statutes, section 609.26. A copy of that section is available from any court administrator.

**III. NONSUPPORT OF A SPOUSE OR CHILD – CRIMINAL PENALTIES.** A person who fails to pay court-ordered child support or maintenance may be charged with a crime, which may include misdemeanor, gross misdemeanor, or felony charges, according to Minnesota Statutes, section 609.375. A copy of that section is available from any district court clerk.

**IV. RULES OF SUPPORT, MAINTENANCE, PARENTING TIME.**

A. Payment of support or spousal maintenance is to be as ordered, and the giving of gifts or making purchases of food, clothing, and the like will not fulfill the obligation.

B. Payment of support must be made as it becomes due, and failure to secure or denial of parenting time is NOT an excuse for nonpayment, but the aggrieved party must seek relief through a proper motion filed with the court.

C. Nonpayment of support is not grounds to deny parenting time. The party entitled to receive support may apply for support and collection services, file a contempt motion, or obtain a judgment as provided in Minnesota Statutes, section 548.091.

D. The payment of support or spousal maintenance takes priority over payment of debts and other obligations.

E. A party who accepts additional obligations of support does so with the full knowledge of the party's prior obligation under this proceeding.

F. Child support or maintenance is based on annual income, and it is the responsibility of a person with seasonal employment to budget income so that payments are made throughout the year as ordered.

G. A *Parental Guide to Making Child-Focused Parenting-Time Decisions* is available from any court administrator.

H. The nonpayment of support may be enforced through the denial of student grants; interception of state and federal tax refunds; suspension of driver's, recreational, and occupational licenses; referral to the department of revenue or private collection agencies; seizure of assets, including bank accounts and other assets held by financial institutions; reporting to credit bureaus; interest charging, income withholding, and contempt proceedings; and other enforcement methods allowed by law.

I. The public authority may suspend or resume collection of the amount allocated for child care expenses if the conditions of Minnesota Statutes, section 518A.40, subdivision 4, are met.

**V. MODIFYING CHILD SUPPORT.** If either the obligor or obligee is laid off from employment or receives a pay reduction, child support may be modified, increased, or decreased. Any modification will only take effect when it is ordered by the court, and will only relate back to the time that a motion is filed. Either the obligor or obligee may file a motion to modify child support, and may request the public agency for help. UNTIL A MOTION IS FILED, THE CHILD SUPPORT OBLIGATION WILL CONTINUE AT THE CURRENT LEVEL. THE COURT IS NOT PERMITTED TO REDUCE SUPPORT RETROACTIVELY.

**VI. PARENTAL RIGHTS FROM MINNESOTA STATUTES, SECTION 518.17, SUBDIVISION 3.** UNLESS OTHERWISE PROVIDED BY THE COURT:

A. Each party has the right of access to, and to receive copies of, school, medical, dental, religious training, and other important records and information about the minor children. Each party has the right of access to information regarding health or dental insurance available to the minor children. Presentation of a copy of this order to the custodian of a record or other information about the minor children constitutes sufficient authorization for the release of the record or information to the requesting party.

1

B.     Each party shall keep the other informed as to the name and address of the school of attendance of the minor children. Each party has the right to be informed by school officials about the children's welfare, educational progress and status, and to attend school and parent teacher conferences. The school is not required to hold a separate conference for each party.

C.     In case of an accident or serious illness of a minor child, each party shall notify the other party of the accident or illness, and the name of the health care provider and the place of treatment.

D.     Each party has the right of reasonable access and telephone contact with the minor children.

**VII. WAGE AND INCOME DEDUCTION OF SUPPORT AND MAINTENANCE.** Child support and / or spousal maintenance may be withheld from income, with or without notice to the person obligated to pay, when the conditions of Minnesota Statutes, section 518A.53, have been met. A copy of that section is available from any court administrator.

**VIII. CHANGE OF ADDRESS OR RESIDENCE.** Unless otherwise ordered, each party shall notify the other party, the court, and the public authority responsible for collection, if applicable, of the following information within ten days of any change: residential and mailing address, telephone number, driver's license number, social security number, and name, address, and telephone number of the employer.

**IX. COST OF LIVING INCREASE OF SUPPORT AND MAINTENANCE.** Child support and / or spousal maintenance may be adjusted every two years based upon a change in the cost of living (using the U.S. Department of Labor, Bureau of Labor Statistics, consumer price index Mpls. St. Paul, for all urban consumers (CPI-U), unless otherwise specified in this order) when the conditions of Minnesota Statutes, section 518A.75, are met. Cost of living increases are compounded. A copy of Minnesota Statutes, section 518A.75, and forms necessary to request or contest a cost of living increase are available from any court administrator.

**X. JUDGMENTS FOR UNPAID SUPPORT; INTEREST.** ACCORDING TO MINNESOTA STATUTES, SECTION 548.091:

A.     If a person fails to make a child support payment, the payment owed becomes a judgment against the person responsible to make the payment by operation of law on or after the date the payment is due, and the person entitled to receive the payment or the public agency may obtain entry and docketing of the judgment **without notice** to the person responsible to make the payment.

B.     Interest begins accruing on a payment or installment of child support whenever the unpaid amount due is greater than the current support due.

**XI. JUDGMENTS FOR UNPAID MAINTENANCE.** A judgment for unpaid spousal maintenance may be entered and docketed when the conditions of Minnesota Statutes, section 548.091, are met. A copy of that section is available from any court administrator.

**XII. ATTORNEY FEES AND COLLECTION COSTS FOR ENFORCEMENT OF CHILD SUPPORT.** A judgment for attorney fees and other collection costs incurred in enforcing a child support order will be entered against the person responsible to pay support when the conditions of Minnesota Statutes, section 518A.735, are met. A copy of that section and forms necessary to request or contest these attorney fees and collection costs are available from any court administrator.

**XIII. PARENTING TIME EXPEDITOR PROCESS.** On request of either party or on its own motion, the court may appoint a parenting time expeditor to resolve parenting time disputes under Minnesota Statutes, section 518.1751. A copy of that section and a description of the expeditor process is available from any court administrator.

**XIV. PARENTING TIME REMEDIES AND PENALTIES.** Remedies and penalties for wrongful denial of parenting time are available under Minnesota Statutes, section 518.175, subdivision 6. These include compensatory parenting time; civil penalties; bond requirements; contempt; and reversal of custody. A copy of that subdivision and forms for requesting relief are available from any court administrator.

(SCAO rev. 01/01/07)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:

Dennis E. Hecker,

               Debtor.

_____

Randall L. Seaver, Trustee,

               Plaintiff,

vs.

Christi M. Rowan,

               Defendant.

_____

BKY No.:  09-50779

Chapter 7

Adv. Case No.:  09-5___

## MEMORANDUM IN SUPPORT OF EX PARTE
## MOTION FOR TEMPORARY RESTRAINING ORDER

### INTRODUCTION

      The facts relevant to this motion are contained in the verified Notice of Hearing and Motion which has been served and filed herewith.  Plaintiff Randall L. Seaver, Trustee ("**Trustee**") seeks a temporary restraining order ("**TRO**") with respect to Defendant Christi M. Rowan ("**Defendant**").

      Plaintiff submits that relief may be afforded under Bankruptcy Rule 7065 and 11 U.S.C. §105.  Ex parte relief is appropriate.  "The ex parte temporary restraining order is indispensable to the commencement of an action when it is the sole method of preserving a state of affairs in which the court can provide effective final relief . . . . In these situations, giving the defendant notice of the application for an injunction could result in an inability to provide any relief at all."  *Matter of Sullivan Car Sales,* 2 B.R. 350, 356 (Bankr. D. Me. 1980), citing, Wright & Miller, Federal Practice and Procedure: Civil s 2951, at 500 et seq.

# ARGUMENT

## I.   INJUNCTIVE RELIEF

### A.   Standard for Injunctive Relief

The purpose of a temporary restraining order is to preserve the status quo of the parties until the court has an opportunity to rule upon the merits of a preliminary injunction.  A temporary restraining order will be granted upon the showing of irreparable injury and probable success on the merits.  *International Association of Machinists and Aerospace Workers v. National R. Labor Conference*, 310 F.Sup. 904 (D.C. Col. 1970).  In the Eighth Circuit the standards for obtaining a temporary restraining order are the same as those for obtaining a preliminary injunction.  *S.D. McLaughlin & Co. v. Tudor Oaks Condominium Project*, 877 F.2d 707, 708 (8th Cir. 1989).  In order to obtain preliminary injunctive relief, the plaintiff must show:

1.   A probability of success on the merits;

2.   A threat of irreparable harm;

3.   That the balance of hardships favors the plaintiff; and,

4.   That granting preliminary relief favors the public interest.

*Data Phase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  The Trustee's motion meets all of the requirements for issuance of a temporary restraining order on an ex parte basis as described below.

### 1.   Threat of Irreparable Harm

The irreparable harm element is met in the bankruptcy context "[w]here there is a showing that the action sought to be enjoined would embarrass, burden, delay or otherwise impede the reorganization proceedings or if the stay is necessary to preserve or protect the debtor's estate and

2

reorganization prospects . *Carabetta Enterprises, Inc. v. City of Asbury Park (In re Carabetta)*, 162 B.R. 399, (Bankr. D. Conn. 1993) (citing, *Alert Holdings, Inc. v. Interstate Protective Servs., Inc. (In re Alert Holdings, Inc.)*, 148 B.R. 194, 200 (Bankr. S.D. N.Y. 1992)).  Relief is needed herein to protect assets of the estate which may be dissipated without Court intervention.

Many estate assets are in the possession of the Defendant, and the Defendant has received transfers exceeding $100,000.00 in value in the year prior to the Debtor's filing.  Given the Defendant's financial situation, as set forth in her October, 2008 marriage dissolution, if she disposes of transfers, or secretes estate assets or receivable transfers, the estate will not be able make a recovery.

### 2.    Balancing of the Harms

The harm to the bankruptcy estate would be great if an injunction were not to issue. Estate assets controlled by Defendant may be significant.  The transfers made to her exceed $100,000.00. On the other hand, Defendant's own personal assets are not involved in this motion.  As Defendant has no interest in Debtor's assets, and no right to retain assets or fraudulent transfers to her, she would suffer no harm herein.  The rights of all parties will be protected and preserved if the TRO is issued.

### 3.    Likelihood of Success on The Merits

Items which were assets of the Debtor are now property of this estate and subject to recovery pursuant to 11 U.S.C. §542(a).  The Trustee will prevail in obtaining those assets from her.

Additional assets exceeding $100,000.00 were transferred to the Defendant in the year prior to filing.  The Debtor categorized "100,000" of those transfers as "gifts."  In other words, no value was given to the Debtor for those transfers.  The Trustee will be able to recover those items through

his avoidance powers under 11 U.S.C. §548. That is so because, as indicated by the schedules, the Debtor was insolvent. The Debtor did not receive reasonably equivalent value for the transfers.

The Debtor professes not to know what he did with $47,000.00 of jewelry that he purchased from Chanel in March 2008. Given this background it is quite likely that the Defendant is in possession of jewelry given to her by the Debtor.

Further, it appears that the Transfers may also be avoidable under §548(a)(1)(A). That is so because even at this early stage of the Hecker case, the Trustee can establish many of the badges of fraud set forth at Minn. Stat. §513.45. The factors that are established, even at this point, are transfer to an insider, the Debtor had been threatened with suit, there was not reasonably equivalent value, the Debtor was insolvent and transfers were made after entry of a large judgment.

Finally, as to preservation of information, the Trustee is absolutely entitled to turnover of such information pursuant to 11 U.S.C. §542(e). The Trustee will prevail on this issue.

### 4. **Public Interest**

Public interest certainly favors protecting and preserving assets of the estate.

## II. **NEED FOR EX PARTE RELIEF**.

No attempt has been made to effect service of the moving papers upon the Defendant prior to the scheduled ex parte hearing. The Trustee is seeking ex parte relief because of his concern that if prior notice of the hearing is given in this case, actions will be undertaken by Defendant to diminish assets and cause irreparable harm to the estate's interests in this case. The Defendant has unfettered control over estate assets and if such assets are in a safe deposit box, any secreting of those assets if notice was given, would be difficult to discover.

### III. **BOND**

Pursuant to Bankruptcy Rule 7065(c), the Court is not required to order that security be put in place before granting injunctive relief.

### CONCLUSION

Defendant should be enjoined from disposing, transferring, secreting or destroying the Property or Information, requiring Defendant to turnover all Information and Property, including giving access to safe deposit boxes, if any, exclusive of the '08 Assets.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE LTD.**

Dated: July 22, 2009　　　　　　　　By: /e/ Matthew R. Burton
　　　　　　　　　　　　　　　　　　　　　Matthew R. Burton #210018
　　　　　　　　　　　　　　　　　　　　　Attorneys for Trustee
　　　　　　　　　　　　　　　　　　　　　100 South Fifth Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　　(612) 332-1030

405946

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Dennis E. Hecker,

        Debtor.

BKY No.: 09-50779

Chapter 7

---

Randall L. Seaver, Trustee,

        Plaintiff,

vs.

Christi M. Rowan,

        Defendant.

Adv. Case No.: 09-5___

**AFFIDAVIT OF RANDALL L. SEAVER, TRUSTEE**

---

STATE OF MINNESOTA  )
                   ) ss.
COUNTY OF HENNEPIN  )

1.     I am the Trustee in the above matter and have personal knowledge of the facts contained herein.

2.     The facts detailed in the verified notice of hearing and motion, served and filed herewith, are true to the best of knowledge, information and belief.

3.     Since the commencement of this case, I have received information from the Debtor, Dennis E. Hecker ("**Debtor**"), and third parties regarding the assets of the Debtor and his financial affairs.

4.     My review of the Debtor's financial records makes clear that Defendant Christi M. Rowan ("**Defendant**") has: (a) received significant asset transfers from the Debtor in the year

prior to filing, and (b) lives in a home ("**Northridge**") valued by Hennepin County in excess of $1.8 million and which is titled in the Debtor's name without having, as June 15, 2009, paid rent.

5. Debtor testified at the first meeting of creditors that Defendant had improved Northridge thus gaining a credit as to her rental obligation and that the first payments would be due in August of 2009. However, my preliminary review of certain records provided to me by the Debtor indicates that the Debtor paid BCR Construction at least $30,000.00 in March 2009.

6. I have reviewed records related to Defendant's marital dissolution, which occurred in the fall of 2008, and they reveal limited assets.

7. In examining information produced by the Debtor, I have located what appear to be transfers to the Defendant as follows:

> (a) Transfer of $60,000 fur coat;
> (b) Payment by the Debtor from TCF account by check number 5068, in the amount of $20,000 in January, 2009;
> (c) Payment by the Debtor from TCF account by check number 5079, in the amount of $7,300 in March, 2009;
> (d) Payment by the Debtor from TCF account by check number 5093, in the amount of $13,000 in March, 2009;
> (e) Payment by the Debtor from USB/Wells primary checking account, by check number 5503, in the amount of $8,000 in March, 2009.
> (f) Payment by the Debtor from TCF account, by check number 5112, in the amount of $10,500 in March 18, 2009.

Copies of statements and documents evidencing transfers by the Debtor relevant to this motion are attached hereto as Exhibit A.

8. There is no way for me to secure the assets, if any, in such safe deposit boxes without the assistance of a temporary restraining order ("**TRO**") to assure that what exists in any such safe deposit boxes remains there. If Defendant could access such boxes, at all, knowing that I am looking to see the contents, it would be simple for her to relocate any property of the estate therein.

9.     The Defendant is in possession of furniture in which the estate has an ownership interest.  I believe that the Defendant may be in possession of additional property of the estate and information relating to the estate.  The Debtor testified that his furniture, formerly in a residence in Scottsdale, AZ, was moved to Northridge.  What I believe to be the credit card statement showing costs for moving the furniture is attached hereto as Exhibit B.

10.    Attached hereto as Exhibit C is a true and correct copy of an inventory of watches turned over to me by the Debtor after I commenced Adversary Proceeding No. 09-5020.

11.    Attached hereto as Exhibit D is a receipt for $47,025.00 in jewelry purchased by Mr. Hecker in March, 2008.  He testified at the Section 341 hearing that he didn't know to whom he had given the jewelry.

12.    Mr. Hecker brought a lot of expensive jewelry, and, in some instances, gave it away.

13.    After I sought further jewelry from the Debtor in Adversary Proceeding No. 09-5020, he turned over to me approximately 53 watches.  He had disclosed 5 Rolex watches in his Schedule B, but after the suit turned over additional Rolex watches.  See Exhibit C attached hereto.

14.    At the meeting of creditors, the Debtor testified that approximately $17,000.00 in cash was seized when governmental authorities executed a search warrant after the commencement of this case.

15.    A TRO will allow me, as Trustee, to learn the contents of the Defendant's safe deposit boxes (if any) and will require her to disclose and maintain other assets or information in her possession or control.

3

16.    I believe that the estate may suffer irreparable harm if the TRO does not issue because estate property could become unavailable.

17.    If Defendant was provided notice of this hearing, the value and usefulness of an injunction would be compromised.

**FURTHER YOUR AFFIANT SAYETH NOT.**

_____
Randall L. Seaver

Subscribed and sworn to before me
this  22  day of July, 2009.

_____
Notary Public

KARI L. FOGARTY
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

4

| Date | Description | Amount | | Detail |
|------|-------------|--------|---|--------|
| 3/20/09 | CHK PRINTING S-H FEE | (6) | Service Charge or Fee | |
| 3/25/09 | DEPOSIT | 2,000 | Deposit | |
| 4/23/09 | INTEREST PAID | 0 | Interest Deposit | |
| 5/14/09 | CHECK | (500) | 1001 Check | Cash |
| 5/21/09 | INTEREST PAID | 0 | Interest Deposit | |
| 5/28/09 | CHECK | (1,494) | 1002 Check | Transfer - TCF |
| | | **0** | | |

TCF Premier Checking     111,664

| Date | Description | Amount | | Detail |
|------|-------------|--------|---|--------|
| 3/11/09 | DEPOSIT | 25,000 | Deposit | DEH - USBank |
| 3/12/09 | RETURNED DEPOSITED ITEM | (100,690) | Other Withdrawal | Toyota Motor Credit |
| 3/12/09 | RETURN DEPOSIT ITEM FEE | (15) | Service Charge or Fee | Fee |
| 3/13/09 | DEPOSIT | 52,499 | Deposit | IG Toyota |
| 3/13/09 | DEPOSIT | 25,000 | Deposit | IG Toyota |
| 3/13/09 | DEPOSIT | 5,000 | Deposit | Walden Payroll Services |
| 3/13/09 | CHECK | (52,580) | 5109 Check | Walden Payroll Services |
| 3/16/09 | DEPOSIT | 42,874 | Deposit | IG Toyota |
| 3/16/09 | DEPOSIT | 15,000 | Deposit | IG Toyota |
| 3/16/09 | DEPOSIT | 15,000 | Deposit | Jacob Properties Mn |
| 3/16/09 | WITHDRAWAL-WIRE TRANSFER | (40,000) | Other Withdrawal | Jacob Properties Mn |
| 3/16/09 | CHECK | (42,000) | 5110 Check | Brainerd Toyota |
| 3/17/09 | DEPOSIT | 28,123 | Deposit | IG Toyota |
| 3/17/09 | DEPOSIT | 4,864 | Deposit | DEH - USBank |
| 3/17/09 | WITHDRAWAL-WIRE TRANSFER | (33,067) | Other Withdrawal | Toyota Motor Credit |
| 3/17/09 | UNAVL FDS FEE-ITEM PD | (70) | Service Charge or Fee | Fee |
| 3/18/09 | CHECK | (10,560) | 5112 Check | C Rongen |
| 3/19/09 | DEPOSIT | 25,000 | Deposit | IG Toyota |
| 3/19/09 | DEPOSIT | 20,000 | Deposit | |
| 3/19/09 | CHECK | (10,000) | 5113 Check | Brainerd Toyota |
| 3/20/09 | DEPOSIT | 25,000 | Deposit | 12.5K DEH USB / 12.5K IPM |
| 3/20/09 | DEPOSIT | 25,000 | Deposit | IG Toyota |
| 3/20/09 | UNAVL FDS FEE-ITEM PD | (35) | Service Charge or Fee | Fee |
| 3/23/09 | DEPOSIT | 25,000 | Deposit | IG Toyota |
| 3/23/09 | CHECK | (44,567) | 5117 Check | Toyota Motor Credit - IG |
| 3/23/09 | CHECK | (25,376) | 5116 Check | Toyota Motor Credit - Brainerd |
| 3/24/09 | DEPOSIT-WIRE TRANSFER | 25,000 | Deposit | Jacob Properties Mn |
| 3/24/09 | WIRE TRANSFER FEE | (15) | Service Charge or Fee | Fee |
| 3/24/09 | DEPOSIT | 44,567 | Deposit | IG Toyota |
| 3/25/09 | WITHDRAWAL | (58,766) | Other Withdrawal | TCF Real Estate Loans |
| 3/25/09 | RETURN DEPOSIT ITEM FEE | (15) | Service Charge or Fee | Fee |
| 3/27/09 | WITHDRAWAL | (47,812) | Other Withdrawal | TCF Real Estate Loans |
| 3/30/09 | NSF FEE-ITEM NOT PD | (35) | Service Charge or Fee | Fee |
| 3/31/09 | UNAVL FDS FEE-ITEM NT PD | (35) | Service Charge or Fee | Fee |
| 3/31/09 | NSF FEE-ITEM NOT PAID | (35) | Service Charge or Fee | Fee |
| 4/2/09 | DEPOSIT | 2,500 | Deposit | DEH Drake |
| 4/2/09 | CHECK | (3,000) | 5121 Check | Cash |
| 4/8/09 | DEPOSIT-WIRE TRANSFER | 5,000 | Deposit | SW Cadillac - BOW |
| 4/8/09 | WIRE TRANSFER FEE | (15) | Service Charge or Fee | Fee |
| 4/8/09 | DEPOSIT | 1,571 | Deposit | Misc Individuals |
| 4/8/09 | CHECK | (2,000) | 5134 Check | Cash - DHAG |
| 4/10/09 | DEPOSIT | 94,226 | Deposit | Jacob Properties Mn |
| 4/10/09 | MINIMUM BALANCE FEE | (15) | Service Charge or Fee | Fee |
| 4/10/09 | INTEREST PAID | 17 | Interest Deposit | Fee |
| 4/13/09 | DEPOSIT-WIRE TRANSFER | 3,500 | Deposit | DHAG BOW |
| 4/13/09 | WIRE TRANSFER FEE | (15) | Service Charge or Fee | Fee |
| 4/13/09 | DEPOSIT | 4,300 | Deposit | 2.3K Quinlan 186 Mariner / 2K DEH USBank |
| 4/13/09 | CHECK | (4,000) | 5133 Check | Cash |
| 4/13/09 | CHECK | (30,000) | 5128 Check | Mirage |
| 4/14/09 | DEPOSIT | 5,000 | Deposit | Brainerd Toyota |
| 4/14/09 | CHECK | (1,446) | 5130 Check | Pat Terhaar |
| 4/14/09 | CHECK | (1,263) | 5125 Check | Premier Aquarium |
| 4/14/09 | CK#5126 XCEL ENERGY | (97) | ACH Withdrawal | Xcel |
| 4/14/09 | CHECK | (77) | 5131 Check | Pat Terhaar |
| 4/15/09 | DEPOSIT | 5,532 | Deposit | DEH - 5K USBank |
| 4/15/09 | DEPOSIT | 5,000 | Deposit | Brainerd Toyota |
| 4/15/09 | CHECK | (300) | 5136 Check | Cash - DHAG |
| 4/16/09 | DEPOSIT | 351 | Deposit | Fashn Ave Refund |
| 4/16/09 | CHECK | (350) | 5148 Check | Cash |
| 4/17/09 | DEPOSIT | 6,500 | Deposit | 4KSullivan/2.5K USBank |
| 4/17/09 | DEPOSIT | 2,933 | Deposit | Xcel |
| 4/17/09 | CHECK | (5,000) | 5150 Check | Cash - IG Toyota |
| 4/17/09 | CHECK | (2,000) | 5151 Check | Cash - IG Toyota |
| 4/17/09 | CHECK | (3,000) | 5129 Check | Halberg Defense |
| 4/20/09 | CHECK | (175) | 5139 Check | Open |
| 4/21/09 | CHECK | (45,000) | 5155 Check | DEH - Signature |
| 4/21/09 | CHECK | (5,000) | 5134 Check | Riverwood Bank - Jacob Edgewood |

EXHIBIT

A

tabbies

 



| | | | | |
|---|---|---|---|---:|
| 03/24 | 03/24 | 2358 | 1-800-FLOWERS.COM,INC. 800-468-1141 NY | 63.98 |
| 03/25 | 03/23 | 5657 | REDSTONE        HOPKINS    MN | 66.26 |
| 03/25 | 03/24 | 3193 | SOURCEGAS DISTRIBUTION LAKEWOOD    CO | 800.00 |
| 03/26 | 03/25 | 5680 | POTBELLY 104        PLYMOUTH    MN | 27.49 |
| 03/27 | 03/25 | 1646 | MHC COMPANIES      952-3820884  MN | 340.37 |
| 03/27 | | | RETURNED PAYMENT FEE | 39.00 |
| 03/27 | | 7200 | PAYMENT REVERSAL | 2,456.18 |
| | | | DEBIT ADJUSTMENT | |
| 03/30 | 03/28 | 0667 | 07813066 HOTEL CASA DO CABO SAN LUCA MX | 362.57 |
| | | | 355.47 US DOLLAR    +FRGNFEE $7.10 | |
| 03/30 | 03/27 | 2831 | DIRECT IN3372104438571 800-3596786 MN | 1,558.35 |
| | | | ROWAN/F    04/01/09 | |
| | | | SAN,JOSE, ME TO MINN ST PAUL | |
| 03/30 | 03/27 | 5735 | EXPEDIA*TRAVEL      800-367-3476 NV | 3,131.34 |
| 03/30 | 03/27 | 7921 | EXPEDIA*TRAVEL      800-367-3476 NV | 658.14 |
| 03/31 | 03/29 | 4094 | SIMPLY GRAND CLEANING 480-802-1992 CO | 135.00 |
| 04/01 | 03/29 | 4063 | THE OFFICE        CABO SAN LUCA MX | 178.08 |
| | | | 174.59 US DOLLAR    +FRGNFEE $3.49 | |
| 04/01 | 03/30 | 2886 | REDSTONE        HOPKINS    MN | 39.93 |
| 04/01 | 03/30 | 3530 | ORB AP1801013258YF5T  ORBITZ.COM  IL | 6.99 |
| 04/01 | 03/30 | 1014 | NWA AIR  0127017928921 MANKATO     MN | 489.20 |
| | | | ROWAN/CHRISTI 04/12/09 | |
| | | | MINN ST PAUL  TO DALLAS | |
| | | | DALLAS      TO MINN ST PAUL | |
| 04/01 | 03/31 | 6815 | ORB AP120101NKDVGX5T  ORBITZ.COM  IL | 20.97 |
| 04/02 | 03/31 | 8472 | AMERICAN 0011570630576 MANKATO      MN | 197.20 |
| | | | ROWAN/CHRISTI 04/17/09 | |
| | | | MINN ST PAUL  TO DALLAS | |
| | | | DALLAS      TO MINN ST PAUL | |
| 04/02 | 03/31 | 8480 | AMERICAN 0011570630577 MANKATO      MN | 197.20 |
| | | | ROWAN/FYSHER 04/17/09 | |
| | | | MINN ST PAUL  TO DALLAS | |
| | | | DALLAS      TO MINN ST PAUL | |
| 04/02 | 03/31 | 8498 | AMERICAN 0011570630578 MANKATO      MN | 197.20 |
| | | | CAMPUZANO/RACH 04/17/09 | |
| | | | MINN ST PAUL  TO DALLAS | |
| | | | DALLAS      TO MINN ST PAUL | |
| 04/02 | 03/31 | 9975 | TRAVEL INSURANCE POLIC 800-729-6021 VA | 49.50 |
| 04/02 | 03/31 | 4660 | MICRO CENTER #045 RETA ST LOUIS PARK MN | 256.54 |
| 04/02 | 04/01 | 2557 | FONTAINEBLEAU RESORT  MIAMI BEACH  FL | 902.87 |
| | | | 03/31/09 | |
| | | | FOLIO: 0003137824 | |
| 04/02 | | | RETURNED PAYMENT FEE | 39.00 |
| 04/02 | | | RETURNED PAYMENT FEE | 39.00 |
| 04/02 | | 4515 | PAYMENT REVERSAL | 3,500.00 |
| | | | DEBIT ADJUSTMENT | |
| 04/02 | | 4832 | PAYMENT REVERSAL | 5,295.98 |
| | | | DEBIT ADJUSTMENT | |
| 04/03 | 03/31 | 4063 | THE OFFICE        CABO SAN LUCA MX | 86.12 |
| | | | 84.44 US DOLLAR    +FRGNFEE $1.68 | |
| 04/03 | 04/01 | 0120 | DEBBRA ANN FORD      952-927-8528 MN | 100.00 |
| 04/03 | 04/02 | 0669 | 07813066 HOTEL CASA DO CABO SAN LUCA MX | 1,296.39 |
| | | | 1270.98 US DOLLAR    +FRGNFEE $25.41 | |
| 04/03 | 04/02 | 5143 | BWI*BOINGO WIRELESS   800-880-4117 CA | 9.95 |
| 04/06 | 04/03 | 0014 | TARGET CENTER       612-673-1313 MN | 94.00 |
| 04/06 | 04/03 | 0022 | TARGET CENTER       612-673-1313 MN | 435.00 |
| 04/06 | 04/04 | 1350 | STUBHUB, INC       866-788-2482 CA | 463.20 |
| 04/07 | | 3504 | RUSH CARD REQ | 15.00 |
| | | | DEBIT ADJUSTMENT | |
| 04/14 | 04/13 | 0022 | MARK T SCHAEFER, PH.D. BLOOMINGTON MN | 1,042.00 |
| 04/20 | 04/17 | 6137 | HOLIDAY STNSTORE 3776  ST. CLOUD   MN | 66.29 |
| 04/20 | 04/17 | 4330 | EDWIN WATTS GOLF #13  ORLANDO     FL | 2,090.94 |
| **Finance Charges** | 04/21 | | ***FINANCE CHARGE***INTEREST | 426.93 |

9030        Continued on Next Page

715 000053

| Description | | Amount |
|---|---|---|
| Deposit (2/11) from Inver Grove Toyota | | 37,000 |
| Deposit (2/12) from Inver Grove Motors LLC (Toyota) | | 25,000 |
| Deposit (2/18) from Florida Power (Refund) | | 34 |
| Deposit (2/18) from Florida Power (Refund) | | 433 |
| Deposit (2/19) Stillwater Cadillac | | 224,386 |
| Deposit (2/19) from JP of MN | | 60,000 |
| Deposit (2/23) from JP of MN | | 136,000 |
| WT (2/24) DEH ( JP Morgan ) | | 110,000 |
| Deposit (2/26) from Inver Grove Toyota | | 40,000 |
| Deposit (2/26) from Dennis E. Hecker (15k Drake / 15k Crown) | | 30,000 |
| Deposit (2/26) from DHAG (CK # 1960) | | 18,280 |
| Deposit (2/27) from DHAG (CK # 1961) | | 18,250 |
| Deposit (2/27) from Dennis E. Hecker ( US Bank ) | | 14,361 |
| WT (3/2) from Kaplan, Strangis & Kaplan, P.A. (TX Parcel-JPM) | | 171,768 |
| Deposit (3/2) from Inver Grove Motors (Toyota) | | 25,000 |
| Check Printing Charge Reversal (3/3) | | 6 |
| Withdrawl Correction (3/4) - Real Estate | | 29,633 |
| Withdrawl Correction (3/4) - Real Estate | | 23,032 |
| Withdrawl Correction (3/4) - Real Estate | | 22,789 |
| Withdrawl Correction (3/4) - Real Estate | | 15,460 |
| Withdrawl Correction (3/4) - Real Estate | | 5,496 |
| Withdrawl Correction (3/4) - Real Estate | | 5,496 |
| Deposit (3/4) from IG Motors (Toyota) | | 38,582 |
| WT (3/5) from Diversified Investments - DEH 401k Loan | | 60,000 |
| Deposit (3/9) from Toyota Motor Credit | | 100,890 |
| Deposit (3/9) from Inver Grove Toyota | | 25,000 |
| WT (3/10) from JP of MN | | 25,000 |
| Deposit (3/10) from JP of MN | | 80,000 |
| Deposit (3/10) from DHAG (\$16,250) & Vision (\$10,000) | | 26,250 |
| Interest | | 115 |
| Check # 5078 to BCR Construction | | (20,000) |
| Check # 5079 DEH C Rowen | | (7,300) |
| Check # 5080 to Walden Payroll Services | | (25,000) |
| Check # 5081 to Dennis E. Hecker ( US Bank ) | | (20,000) |
| Check # 5082 to Toyota Motor Credit | | (128,504) |
| Check # 5083 to Advantage LAX Hyundai | | (38,000) |
| Check # 5084 to Brainerd Toyota | | (8,000) |
| Check # 5085 to St. Cloud Hyundai | | (200,000) |
| Check # 5086 to Brainerd Toyota | | (14,330) |
| Check # 5087 to Inver Grove Toyota | | (65,000) |
| Check # 5088 to JP of MN | | (65,000) |
| Check # 5089 to BCR Construction | | (10,000) |
| Check # 5090 to Advantage LAX Hyundai | | (10,000) |
| Check # 6090 to Brainerd Toyota | | (42,000) |
| Check # 5093 DEH C Rowen | | (13,500) |
| Check # 5100 to Dennis E. Hecker ( US Bank ) | | (50,000) |
| Check # 5102 to Brainerd Toyota | | (37,350) |
| Check # 5103 to Inver Grove Motors | | (87,000) |
| Check # 5104 to Advantage LAX Hyundai | | (69,000) |
| Check # 5105 to Toyota Motor Credit | | (24,392) |
| Check # 5106 to Advantage LAX Hyundai | | (46,000) |
| Check # 5107 to Toyota Motor Credit | | (100,690) |
| Check # 6108 to Toyota Motor Credit | | (44,274) |
| Withdrawl (2/14) DEH - TCF Loan Fees | | (20,000) |
| WT (2/19) Jacob Properties Of Minnesota | | (30,600) |
| WT Fee (2/19) | | (25) |
| WT Fee (2/24) | | (15) |
| Check Printing Fee (2/27) | | (6) |
| WT Fee (3/2) | | (15) |
| Automated Withdrawl Loan Payment (3/2) - Real Estate | | (29,633) |
| Automated Withdrawl Loan Payment (3/2) - Real Estate | | (23,032) |
| Automated Withdrawl Loan Payment (3/2) - Real Estate | | (22,789) |
| Automated Withdrawl Loan Payment (3/2) - Real Estate | | (15,460) |
| Automated Withdrawl Loan Payment (3/2) - Real Estate | | (5,496) |
| Automated Withdrawl Loan Payment (3/2) - Real Estate | | (5,496) |
| Returned Deposit Item (3/4) DEH ( Drake Bank return item ) | | (15,000) |
| Returned Deposit Item Fee (3/4) | | (15) |
| NSF Fee (3/4) | | (70) |
| WT Fee (3/8) | | (15) |
| Unavailable Funds Fee (3/9) | | (36) |
| NSF Fee (3/9) | | (35) |
| WT Fee (3/10) | | (15) |
| NSF Fee (3/10) | | (35) |
| | | |
| Net March 2009 | | 82,461 |
| | | |
| Balance @ March (10th) 2009 | | 111,664 |

| | | |
|---|---|---|
| Balance @ January (12th) 2009 | | 23,125 |
| | | |
| Deposit (1/28) ( Drake / Vision / Associated ) | 6,000 | |
| WT (1/30) DEH ( Loan proceeds Crown Bank ) | 600,000 | |
| WT (1/30) Maine & Trust - Jacob | 171,240 | |
| Deposit (2/2) from Derek & Michelle Cherne | 100,000 | |
| WT (2/3) Fleet - Sig Bank | 200,000 | |
| Deposit (2/3) Fleet -Sig Bank | 430,000 | |
| Unavailable Funds Overdraft Fee (2/4) | 175 | |
| Deposit (2/8) DHAG | 16,000 | |
| WT (2/9) from JP of MN (US Bank) | 76,000 | |
| Deposit (2/9) from Inver Grove Toyota | 43,300 | |
| Deposit (2/9) from DEH ( US Bank ) | 30,000 | |
| Deposit (2/9) from Inver Grove Toyota | 30,000 | |
| Interest | 177 | |
| Check # 5066 to American Express | (95,000) | |
| Check # 5067 to American Express | (22,981) | |
| Check # 5068 DEH C Rowen | (20,000) | |
| Check # 5069 to Mirage | (300,000) | |
| Check # 5071 to Walden Investment Company | (45,000) | |
| Check # 5072 to Walden Investment Company | (50,000) | |
| Check # 5073 to Jacob Motors of St. Cloud | (25,000) | |
| Check # 5074 to Inver Grove Toyota | (30,000) | |
| Check # 5075 to Walden Investment Company | (84,000) | |
| Check # 5076 to Inver Grove Toyota | (37,000) | |
| Check # 5077 to Advantage LAX Hyundai | (45,000) | |
| Withdrawl (1/22) - TCF Loan payments | (15,888) | |
| WT Fee (1/30) | (15) | |
| WT Fee (1/30) | (15) | |
| WT (1/30) to Walden Investment Company | (125,000) | |
| WT Fee (1/30) | (25) | |
| WT (2/2) to Walden Investment Company | (260,000) | |
| WT Fee (2/2) | (25) | |
| Automated Withdrawl Loan Payment (2/2) - Real Estate | (32,668) | |
| Automated Withdrawl Loan Payment (2/2) - Real Estate | (25,493) | |
| Automated Withdrawl Loan Payment (2/2) - Real Estate | (26,231) | |
| Automated Withdrawl Loan Payment (2/2) - Real Estate | (17,102) | |
| Automated Withdrawl Loan Payment (2/2) - Real Estate | (6,085) | |
| Automated Withdrawl Loan Payment (2/2) - Real Estate | (6,085) | |
| WT Fee (2/3) | (15) | |
| Unavailable Funds Overdraft Fee (2/4) | (175) | |
| WT (2/6) to Walden Investment Company | (141,000) | |
| WT Fee (2/6) | (25) | |
| WT (2/6) to Advantage LAX Hyundai | (102,000) | |
| WT Fee (2/6) | (25) | |
| WT Fee (2/9) | (15) | |
| | | |
| Net Febuary 2009 | | 30,078 |
| | | |
| Balance @ Febuary (10th) 2009 | | 53,203 |

| | | | |
|---|---|---|---|
| Rowan | 5503 | 03/30/2009 | $8,000.00 |
| First Federal Savings Bank | 5505 | 04/01/2009 | $5,000.00 |
| Will Plummer | 5520 | 04/21/2009 | $2,000.00 |
| | | | |
| Hecker Capital - Bremer | | | |
| | | | |
| Centerpoint Energy | 5058 | 03/23/2009 | $1,924.07 |
| Bernick, Lifson, Greestein | 5057 | 03/20/2009 | $897.49 |


**February Statement** for activity from Jan. 21, 2009 through Feb. 18, 2009    Inquiries: 1-877-978-7446
DENNIS E HECKER                                                                    Page 2 of 3

## Transactions

| Post Date | Trans Date | Ref. Nbr | Description of Transaction | Amount |
|---|---|---|---|---|
| 02/02 | 01/30 | 4588 | DIRECT IN3372104362148 800-3596786 MN | 82.68 |
| 02/02 | 01/30 | 4596 | DIRECT IN3372104362152 800-3596786 MN | 99.26 |
| | | | HECKER/T     03/01/09 | |
| | | | SAN JOSE, ME  TO MINN ST PAUL | |
| 02/02 | 01/30 | 4612 | DIRECT IN3372104362154 800-3596786 MN | 99.26 |
| | | | HECKER/S     03/01/09 | |
| | | | SAN JOSE, ME  TO MINN ST PAUL | |
| 02/03 | 02/02 | 0380 | MINNESOTA VISION THERA 952-844-0844 MN | 165.00 |
| 02/04 | 02/02 | 4090 | SIMPLY GRAND CLEANING  480-802-1992 CO | 195.00 |
| 02/09 | 02/06 | 4111 | OFFICE DEPOT #558    SAN CARLOS  CA | 595.14 |
| 02/09 | 02/06 | 0399 | KNIGHTNET ENTERPRISES 213-625-2000 CA | 19.95 |
| 02/09 | 02/08 | 4316 | DIRECT IN3372104375932 800-3596786 MN | 539.20 |
| | | | HECKER/S     02/11/09 | |
| | | | MINN ST PAUL  TO PHOENIX ARIZ | |
| 02/09 | 02/08 | 6022 | DIRECT IN3372104375788 800-3596786 MN | 294.20 |
| | | | MERNIK/M    02/11/09 | |
| | | | MINN ST PAUL  TO PHOENIX ARIZ | |
| | | | PHOENIX ARIZ  TO OFF-AIRPORT | |
| 02/10 | 02/08 | 5716 | USAIRWAYS0372337757303 800-428-4322 AZ | 209.60 |
| | | | BUSH/STEVE   02/11/09 | |
| | | | MINN ST PAUL  TO PHOENIX ARIZ | |
| 02/10 | 02/08 | 5724 | USAIRWAYS0372337757304 800-428-4322 AZ | 209.60 |
| | | | SCHULTZ/CARL  02/11/09 | |
| | | | MINN ST PAUL  TO PHOENIX ARIZ | |
| 02/10 | 02/08 | 0708 | USAIRWAYS0372337758291 800-428-4322 AZ | 281.00 |
| | | | HECKER/TAMITHA 02/12/09 | |
| | | | PHOENIX ARIZ  TO SAN JOSE, ME | |
| 02/10 | 02/08 | 0716 | USAIRWAYS0372337758292 800-428-4322 AZ | 281.00 |
| | | | HECKER/SYDNEY 02/12/09 | |
| | | | PHOENIX ARIZ  TO SAN JOSE, ME | |
| 02/10 | 02/09 | 0388 | MINNESOTA VISION THERA 952-844-0844 MN | 165.00 |
| 02/11 | 02/09 | 6341 | ERBERT & GERBERTS SUBS PLYMOUTH   MN | 35.76 |
| 02/11 | 02/10 | 1096 | JUST IN TIME MOVING AN 480-213-0395 AZ | 48.07 |
| 02/11 | 02/10 | 1096 | JUST IN TIME MOVING AN 480-213-0395 AZ | 2,090.00 |
| 02/13 | 02/12 | 0189 | COOKIES BY DESIGN #246 ORLANDO    FL | 92.63 |
| 02/13 | 02/12 | 5637 | DTV*DIRECTV SERVICE  800-347-3288 CA | 254.47 |
| 02/17 | 02/16 | 0387 | MINNESOTA VISION THERA 952-844-0844 MN | 165.00 |
| 02/17 | 02/14 | 5519 | DICK'S SPORTING GOODS MAPLE GROVE MN | 147.24 |
| 02/17 | 02/13 | 5115 | ENTERPRISE RENT-A-CAR BURLINGAME  CA | 529.73 |
| | | | 02/14/09 | |
| | | | RENTL: D416103 | |
| | | | PENINSULA DO | |
| 02/17 | 02/13 | 5797 | BROMELAND PUBLISHING I BLUE EARTH  MN | 92.00 |
| 02/18 | 02/16 | 4094 | SIMPLY GRAND CLEANING  480-802-1992 CO | 135.00 |
| 02/18 | 02/17 | 1099 | JUST IN TIME MOVING AN 480-213-0395 AZ | 6,414.00 |
| *Finance Charges* | 02/18 | | ***FINANCE CHARGE***INTEREST | 392.76 |

## Rate Summary

| Balance Type | Balance By Type | Avg. Daily Balance | Daily Periodic Rate | Rate Type | Interest | Corresp. APR | *APR* This Period | Grace Period |
|---|---|---|---|---|---|---|---|---|
| BALANCE TRANSFER | $0.00 | $0.00 | 0.037671% | VARIABLE | $0.00 | 13.75% | 0.00% | N |
| PURCHASES | $45,851.29 | $35,952.01 | 0.037671% | VARIABLE | $392.76 | 13.75% | 13.75% | N |
| ADVANCES | $0.00 | $0.00 | 0.057506% | VARIABLE | $0.00 | 20.99% | 0.00% | N |

## WorldPerks Visa Miles          WorldPerks Number  110 376 011

Miles earned from your WorldPerks Visa card

| Description of Miles Activity | This Statement | 2009 Year to Date |
|---|---|---|
| Earned Miles for Net Purchases | 20,060 | 23,715 |
| Total Miles Activity | 20,060 | 23,715 |

EXHIBIT
B

715000049

# RECEIPT

I, Matthew R. Burton, acknowledge the following:

I have received the following personal property of Dennis E. Hecker:

See attached Exhibit A

_____
Matthew R. Burton

_____

Subscribed and sworn to before me
This 14th day of July, 2009.

VALERIE K. RITTENBACH
Notary Public-Minnesota
My Commission Expires Jan 31, 2011



EXHIBIT

C

tabbies

Pavari  
Breitling  
Porsche — Red Maron  
Bulgari — Black - look alike  
Lockman — Orange  
Swiss Army — Black - look alike  
Panari — Orange  
Panari  
Breitling — Leather Band- L/A  
Breitling — Black Strap  
Tiger — Silver  
Techo — Blue  
Recho — Black  
Vershe  
Swiss Army — Stainless  
Swiss Army  
Emporio (Armani)  
Momo  
Rolex — Yachtmaster Gold  
Tiger — Black  
Sub Mariner — Black  
Breitling — Black  
Corum  
Panerai — Gold  
Panerai — Black Strap  
Damiani  
Verchge  
Range Rover — Chev  
Tommy Bahama — Brown  
Grioidi — Black  
Tom Helitzer  
YBCom — Black  
Rolex — Gold Daytona  
Rolex — Celeni  
Breitling — Silver  
Hublot — Black  
Hublot — Big Bang  
Mont Blanc  
Mont Blanc  
Submariner — Stainless/ Gold  
Rolex Day Date — Diamonds  
Rolex Submariner — Gold Blue  
Rolex — Platinum (Day Date)  
Baume — Black  
Mont Blanc  
Kobold (2)  
Officina  
European  
Rolex Daytona  
Rolex Yacht Master  
1 Ring  
1 Clock  

Versace  
Techno Yellow  
Versace  
Poneri  

Panarai Luminor (2)  
Hublot Big Bug  
~~Hublot Big / Tiger / Summ / Sub / Sub (2)~~  
Nixon

EXHIBIT

A

tabbies

| | | |
|---|---|---|
| Pavari | | |
| Breitling | | |
| Porsche | Red Maron | |
| Bulgari | Black - look alike | |
| Lockman | Orange | |
| Swiss Army | Black - look alike | |
| Panari | Orange | |
| Panari | | |
| Breitling | Leather Band- L/A | |
| Breitling | Black Strap | |
| Tiger | Silver | |
| Techo | Blue | |
| Techo | Black | |
| Wershe ? | | |
| Swiss Army | | |
| Swiss Army | | |
| Emporio (Armani) | | |
| Momo | | |
| Rolex | Yachtmaster Gold | |
| Tiger | Black | 16 |
| Sub Mariner | Black | |
| Breitling | Black | |
| Corum | | |
| Panerai | Gold | |
| Panerai | Black Strap | |
| Damiani | | |
| Verchge. ? | | |
| Range Rover | Chev | |
| Tommy Bahama | Brown | |
| Grioidi | Black | |
| Tom Helitzer | | |
| BCom | Black | |
| Rolex | Gold Daytona | 11 |
| Rolex | Celeni | |
| Breitling | Silver | |
| Hublot | Black | |
| Hublot | Big Bang | |
| Mont Blanc | | |
| Mont Blanc | | |
| Submarinen | Stainless/ Gold | |
| Rolex Day Date | Diamonds | |
| Rolex Submariner | Gold Blue | |
| Rolex | Platinum (day/date) | |
| Baume | Black | |
| Mont Blanc | | 13 |
| Kobold | | |
| Officina | | |
| European | | |
| Rolex Daytona | | |
| Rolex Yacht Master | | |
| 1 Ring | | |
| 1 Clock | | |

Versace  Stainless/ leather
Kobold

12  Versace  stainless / leather
Techno Yellow

53

Nixon nylon stainless
Rolex submariner gold/gold w/blue bezel
Hublot rose gold chocolate rubber big bang
Paneri - brown leather strap
Paneri luminor marina
Paneri Luminor brown leather
Rolex submariner gold/gold w/black face diamond

Hecker - Exhibit B (7)

| Watches | Band | Make | Model | Misc. | Lot Value |
|---|---|---|---|---|---|
| yellow 18k | 18K Gold | Rolex | Day Date | | |
| yellow 18k | 18K Gold | Rolex | Daytona | | |
| yellow 18k | 18K Gold | Rolex | Submariner | | $22,400 |
| yellow 18k | Leather | Rolex Cellini | Cellini | | |
| Stainless | Leather | Tudor | Tiger Woods | | |
| *Stainless | Stainless | Yahtmaster | Rolex | | |
| | | | | | |
| Stainless | Leather black | Breitling | Chrono | lookalike | |
| Stainless | Stainless | Breitling | Colt Superdean | | $750 |
| *Stainless | Navy Rubber | Breitling | Chrono | lookalike | |
| | | | | | |
| Stainless | Rubber | Hublot | Big Bang | lookalike | |
| Stainless | Leather | Corum | Joker | | |
| Stainless | Leather | Baume Mercier | Tank | | $8,750 |
| *Rose Gold | Chocolate Rubber | Hublot | Big Bang | | |
| | | | | | |
| Stainless | Rubber | Panerai | Luminor | lookalike | |
| Stainless | Leather | Panerai | Luminor | | |
| Stainless | Stainless | Montblanc | GMT | | $2,500 |
| Stainless | Stainless | Montblanc | Chrono | | |
| Goldplate | Leather | Montblanc | Chrono | | |
| | | | | | |
| Stainless | Leather | Euro Watch Co. | Ganador | | |
| Stainless | Leather | Officin a del tempo | #A26361 | | |
| Stainless | Leather | Damiani | Tank | | $300 |
| Stainless | Leather | Versace | Chrono | | |
| Stainless | Stainless leather | Versace | | | |
| | | | | | |
| Stainless | Both | Kobold | Automatic | | |
| Stainless | Both | Kobold | Automatic | | |
| BLK Stainless | Rubber | Momo | Chrono | | $150 |
| Stainless | Leather | Chevy logo | | | |
| Stainless | Rubber | Empirio Armani | | | |
| | | | | | |
| Stainless | Yellow Rubber | Techno Marine | | | |
| Stainless | Blue Rubber | Techno Marine | | | |
| Stainless | Black Rubber | Swiss Army | | | $250 |
| Stainless | Stainless | Swiss Army | | | |
| Stainless | Stainless | Swiss Army | | | |
| | | | | | |
| Stainless | Leather | Grimoldi | Borgonvo | | |
| Stainless | Nylon | Nixon | Square | | |
| *Stainless | Rubber | Tommy Bahama | | | $100 |
| Stainless | Stainless | Tommy Hilfiger | | | |
| Stainless | Nylon | Tommy Bahama | | | |
| | | | | | |
| ? | | | Cartier | Travel Clock | $90 |
| 18k | Ring | | N/A | Wedding band | $24,000 |

Lockman

Bulgari   black   lookalike

Persone   (Rect)

orange

Rolex paytona (gold)
Panerai (3)
Rolex Yachtmaster (gold)
Breitling

Breightling Supr Ocea
Tudor Tiger
Rolex Day Date

| Watches | Band | Make | Model | Misc. | Lot Value |
|---------|------|------|-------|-------|-----------|
| yellow 18k | 18K Gold | Rolex | Day Date | | |
| yellow 18k | 18K Gold | Rolex | Daytona | | |
| yellow 18k | 18K Gold | Rolex | Submariner ✓ | | $22,400 |
| yellow 18k | Leather | Rolex Cellini | Cellini ✓ | | |
| Stainless | Leather | Tudor | Tiger Woods | | |
| *Stainless | Stainless | Yahtmaster | Rolex ✓ | | |
| Stainless | Leather black | Breitling | Chrono | lookalike | |
| Stainless | Stainless | Breitling | Colt Superdean | | $750 |
| *Stainless | Navy Rubber | Breitling | Chrono | lookalike | |
| Stainless | Rubber | Hublot | Big Bang | lookalike | |
| Stainless | Leather | Corum | Joker | | $8,750 |
| Stainless | Leather | Baume Mercier | Tank | | |
| *Rose Gold | Chocolate Rubber | Hublot | Big Bang | | |
| Stainless | Rubber | Panerai | Luminor | lookalike | |
| Stainless | Leather | Panerai | Luminor | | |
| Stainless | Stainless | Montblanc | GMT | | $2,500 |
| Stainless | Stainless | Montblanc | Chrono | | |
| Goldplate | Leather | Montblanc | Chrono | | |
| Stainless | Leather | Euro Watch Co. | Ganador | | |
| Stainless | Leather | Officin a del tempo | #A26361 | | |
| Stainless | Leather | Damiani | Tank | | $300 |
| Stainless | Leather | Versace | Chrono | | |
| Stainless | ~~Stainless~~ leather | Versace | | | |
| Stainless | Both | Kobold | Automatic | | |
| Stainless | Both | Kobold | Automatic | | |
| BLK Stainless | Rubber | Momo | Chrono | | $150 |
| Stainless | Leather | Chevy logo | | | |
| Stainless | Rubber | Empirio Armani | | | |
| Stainless | Yellow Rubber | Techno Marine | | | |
| Stainless | Blue Rubber | Techno Marine | | | |
| Stainless | Black Rubber | Swiss Army | | | $250 |
| Stainless | Stainless | Swiss Army | | | |
| Stainless | Stainless | Swiss Army | | | |
| Stainless | Leather | Grimoldi | Borgonvo | | |
| Stainless | Nylon | Nixon | Square | | |
| *Stainless | Rubber | Tommy Bahama | | | $100 |
| Stainless | Stainless | Tommy Hilfiger | | | |
| Stainless | Nylon | Tommy Bahama | | | |
| ? | | | Cartier | Travel Clock | $90 |
| 18k | Ring | | N/A | Wedding band | $24,000 |

Handwritten left margin numbers (top to bottom): 6, 3, 4, 5, 5, 5, 5, 5, 4, 1, 1, 15

Handwritten notes at bottom:

Breitling stainless/stainless
- Stainless leather
- Rolex Daytona gold/gold
- Kocuman orange
- Bulgari - black lookalike

Versace

- Panen luminor marina
- Porsche ved
O Panerai - leather band
- Rolex Yachtmaster gold/gold

Paneri.
luminor
brown
leath

✓Rolex submariner gold gold black face chrono.
○ Rolex submariner " stainless blue face ~~tita~~

Tudor Tiger w/ black face / stainless / black leather
                                         case

✓Rolex day date platinum.

○ ~~Rolex~~ ~~submariner~~ ~~gold gold blue bezel~~

55 53

# CHANEL

Fin Jewelers
3600 Las Vegas Blvd South
Las Vegas, NV 89109
702-765-5550

15 PM    3/21/2008   Trans:0000493?
Store 217   Reg.001   Cashier:1776

HECKER, DENNIS
FORD RD

MINNEAPOLIS     MN    55426

SHIP TO:
-0 FORD RD

MINNEAPOLIS     MN    55426
USA
(612) 386-5000

000938100     STYLE #:H20***  # 1
J12 BLK 42MM GMT
Sales Assoc:1776
Qty: 1    $5,250.00      $5,250.00
Reference #:1a12980

000934085     STYLE #:J2818  # 2
FIL DE COMETE EAR-WG-DIAM
Sales Assoc:1776
Qty: 1    $14,600.00     $14,600.00
Reference #:21o1282

000412542     STYLE # J0869  # 3
LG WG/DIAMOND STAR ON CHAIN
Sales Assoc:1776
Qty: 1    $6,200.00      $6,200.00
Reference #:21o988

000852431     STYLE #:J1611  # 4
GEODE EARCLIPS STAR EARRING
Sales Assoc:1776
Qty: 1    $6,300.00      $6,300.00
Reference #:21o1013

000290660     STYLE #:J0387  # 5
WG CROSSOVER RING/54 STAR
Sales Assoc:1776
Qty: 1    $5,975.00      $5,975.00



000938257    STYLE #:J2848    #6
901R RG/52 *BLACK RING*
...uc 1776
       $3,800.00    $3,800.00
Reference #:170965

000908944    STYLE #:J2491    #7
DOME GECDE WG LG RING/53 *DOME STAR*
Sales Assoc:1776
Qty: 1    $4,900.00    $4,900.00
Reference #:J2491

          Total Merchandise:    $47,025.00
               Total Tax:           $0.00
          Total Amount Due:     $47,025.00

CARD TYPE:    AX
ACCT #:       ************6008
AUTH CODE:    117033

TOTAL AMOUNT: $47,025.00


I AGREE TO PAY ABOVE TOTAL AMOUNT
ACCORDING TO CARD ISSUER AGREEMENT.

Signature.....
        HECKER, DENNIS

    $47,025.00  0.0000% Tax Paid.    $0.00
— NO TAX SEND-SALE —

MGR.

Returns and exchanges accepted within 14
days of purchase in original unworn
condition with proof of purchase. Sale or
markdown items and merchandise that has
been altered is not returnable.  Refunds
will be issued in the original form of
tender, except cash and check purchases
which will be refunded via mail check.
Items purchased, altered or repaired must
be claimed within 130 days or they may
be disposed at the company's discretion

*EHZOABHHXARIJ*

Customer Copy

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

_____

In re:                                                                     BKY No.:  09-50779

Dennis E. Hecker,                                                                     Chapter 7

                          Debtor.

_____
                                                                     Adv. Case No.:  09-5___

Randall L. Seaver, Trustee,

                          Plaintiff,

vs.                                           **EX PARTE TEMPORARY RESTRAINING ORDER**

Christi M. Rowan,

                          Defendant.

_____

         This matter came before the Court on Motion of Randall L. Seaver, Trustee and Plaintiff

for a temporary restraining order.

         Appearances were as noted on the record.

         Based upon all the files, records and proceedings herein,

         IT IS HEREBY ORDERED THAT:

         1.        The Trustee's request for ex parte, expedited relief is granted.

         2.        Defendant shall immediately turnover the following to the Trustee:

                   a.        Rent for use of the property known as 1615 Northridge Drive, Medina,

MN 55391 ("**Northridge**").

                   b.        Furniture and other personal property of the Debtor located at Northridge.

                   c.        Any property of the Debtor or the bankruptcy estate which other property,

which may be in the possession or control of Defendant including, but not limited to,

money of the Debtor or this bankruptcy estate held in safe deposit boxes or otherwise (the "**Property**").

        d.      All financial records, together with other written and electronic information regarding the Debtor, possessed or controlled by Defendant ("**Information**").

3.      Defendant is enjoined from disposing, transferring, secreting or destroying the Property or Information, and is required to turnover all Information and Property to the Trustee

4.      Defendant shall allow the Trustee access to safe deposit boxes, if any.

5.      Defendant shall disclose to the Trustee all Property and Information and allow the Trustee access thereto, and an accounting of, the same.

6.      Defendant is enjoined from accessing any safe deposit box without being accompanied by the Trustee or one of his representatives.

7.      Defendant's personal assets, as disclosed in her 2008 marital dissolution, are excepted from this Order except to the extent that the same are located in a safe deposit box (in which case this Order does apply).

8.      This Order is being issued to prevent the irreparable harm which would be caused by the Defendant's potential actions which would result in the diminishment of value or depletion of assets of the bankruptcy estate. This Order was issued without notice because of evidence provided by the Trustee indicating both the probable possession or control by Defendant of assets which are properly assets of this estate.

9.      No bond shall be required of the Trustee pursuant to Bankr. Rule 7065.

10.     This Order shall expire 10 days after the date and time of the entry of this Order.

**BY THE COURT:**

Dated: _____          _____
                                 Robert J. Kressel
                                 United States Bankruptcy Judge

405981